236 So.2d 145 (1970)
Cleveland John DONAR, Appellant,
v.
STATE of Florida, Appellee.
No. M-186.
District Court of Appeal of Florida, First District.
June 11, 1970.
Ben Daniel, Jr., and Donald N. Denson, Ocala, for appellant.
Earl Faircloth, Atty. Gen., and Michael J. Minerva, Asst. Atty. Gen., for appellee.
RAWLS, Judge.
By this appeal appellant, Cleveland John Donar, seeks to set aside a judgment and sentence based upon a jury verdict of guilty of breaking and entering with intent to commit a misdemeanor. Appellant poses two points, viz.: 1. That the evidence obtained at the place of his arrest was the result of an unlawful search and seizure, and 2. That the evidence obtained at the jail following his arrest constituted an unlawful search and seizure. We find that the points have no merit and affirm.
The facts reflected by this record disclose a commendable example of alert and efficient investigation and action by policemen. At 12:30 a.m. on Sunday morning, February 16, 1969, an Ocala policeman, while on routine patrol of Ocala Industrial Park during a drizzling rain, saw a moving car not on public pavement but on a vacant lot to the rear of one of the buildings. *146 By radio he called for assistance and then proceeded to investigate this unusual activity. As the officer approached the suspicious vehicle, he observed tire tracks indicating that the vehicle had been to the northern end of a building occupied by Royal Crown Cola Bottling Company. The officer stopped the vehicle, which contained the driver and a man seated in the rear. After inspecting the driver's license of the operator, he asked for an explanation of their presence in the Industrial Park, there being no through roads located therein. At the same time he observed limestone muck on the driver's feet and floorboard and by flashlight noted that in the rear there were gloves and an instrument (sledgehammer or ax) partially covered. Upon request the driver of the vehicle unlocked the trunk, which revealed limerock and clothing. At this point the officer arrested the two men and charged them with vagrancy. Immediately thereafter a police sergeant who had answered the officer's call for assistance arrived and disclosed the information that the Royal Crown Cola Bottling Company building had been broken into, and that an acetylene torch outfit was sighted under the window with a hose extending inside. Upon procuring this information, the officer informed defendants that they were arrested for breaking and entering. In answer to a question as to the basis for so charging these defendants, the officer testified: "Based on my belief that these two subjects had been out of the vehicle, the debris on their feet, the debris in their car, the tracks which led from the Royal Crown Cola Bottling Company exit on out onto the blacktop pavement and on up the street, and the general circumstances surrounding the incident, I placed the two subjects under arrest for breaking and entering." A search of defendant's impounded car at the jail revealed an acetylene torch key in the trunk. This key, the torch and tank were identified during the trial as having been stolen several days earlier. Donar's clothing contained particles of safe insulation materials, charred paint chips similar to that taken from the safe. A codefendant testified that he and Donar stole the torch and broke into the Royal Crown Cola Company building.
Appellant's main contention is that the search of the automobile was unlawful and the fruits of same should not have been admitted into evidence. In support of this contention, appellant argues that the "flashlight search" was not an incident to a lawful arrest and that under the circumstances of this case, an arrest without a warrant was not justifiable. It is elementary that every search without a warrant, if seeing what is obvious by the beams of a flashlight can be termed a search, is not an unlawful or unreasonable search condemned by provisions of the State and Federal Constitutions. Gispert v. State, 118 So.2d 596 (Fla.App.2d 1960). The Gispert case quoted a concise statement from the opinion in Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879, 1890, which is apropos, viz.:
"`In dealing with probable cause * * * as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. The standard of proof is accordingly correlative to what must be proved.'"
We conclude that a reasonably prudent and intelligent person, under the circumstances revealed in this record, would have had good grounds to believe that a felony had been committed or was being committed. The fact that the police officer initially charged appellant with vagrancy is not material to the subsequent admission of the fruits of the search into evidence. While the officer had appellant under lawful detention the additional information furnished by the second police officer would have alerted any reasonable person to conclude that the two men cruising in an automobile upon private property during a drizzling rain at midnight, without *147 any logical explanation for their presence at such location, had probably committed the crime at the nearby building. The more meticulous search of the impounded vehicle at the jail was not an unreasonable one. Appellant's primary complaint apparently being that he was caught red-handed, his judgment of conviction is
Affirmed.
CARROLL, DONALD K., Acting C.J., and WIGGINTON, J., concur.