PER CURIAM.
By this interlocutory appeal the State of Florida questions a finding by the trial judge that a search under the circumstances hereafter detailed was illegal. We conclude that the State’s position is well taken and reverse.
Appellee Bass was charged by information with possession of a short-barreled (less than 18 inches) shotgun. The testimony at the hearing on motion to suppress the tangible evidence obtained as the result of an unreasonable search and seizure reflects that appellee’s automobile was involved in an automobile accident in the early nighttime in the City of Ocala. A police officer, while investigating the accident, shone his flashlight into the interior of Bass’s car, and observed a sawed-off shotgun protruding from under the front seat. The officer directed appellee to hand him the shotgun. Upon examination of the shotgun and a determination that it was of such a type as prohibited by F.S. § 790.001(10), F.S.A., the officer placed ap-pellee under arrest.
Appellee contends that the shining of a flashlight inside a vehicle by a police officer who is lawfully on the scene constitutes an unlawful search, and that same contravenes the defendant’s rights as protected by the Fourth and Fourteenth Amendments to the United States Constitution, and Article I, Section 12, of the Florida Constitution, F.S.A.
This Court recently held in Donar v. State, 236 So.2d 145 (1970), inter alia:
“It is elementary that every search without a warrant, if seeing what is obvious by the beams of a flashlight can be termed a search, is not an unlawful or unreasonable search condemned by provisions *91 of the State and Federal Constitutions. Gispert v. State, 118 So.2d 596 (Fla.App.2d 1960).”
Reversed with directions to the trial court to set aside its finding that the search was illegal.
JOHNSON, C. J., and RAWLS and SPECTOR, JJ., concur.