290 So.2d 525 (1974)
The STATE of Florida, Appellant,
v.
Philip Anthony ROKER, Appellee.
No. 73-1540.
District Court of Appeal of Florida, Third District.
February 12, 1974.
Richard E. Gerstein, State's Atty., and Milton Robbins, Asst. State's Atty., for appellant.
Frederick S. Robbins, Miami, Phillip A. Hubbart, Public Defender, and Eva Weisner, Asst. Public Defender, for appellee.
Before BARKDULL, C.J., and CARROLL and HAVERFIELD, JJ.
CARROLL, Judge.
The appellee, who was the defendant below, was charged by information in three counts with unlawful possession of named drugs, in a fourth count with possession of implements for drug usage and in a fifth count with possession of cannabis. The drugs and drug use implements had been seized by a police officer when said items were observed in the possession of the defendant. A motion to suppress the evidence was filed by the defendant, on the ground it had been obtained on an unlawful search. Following an evidentiary hearing thereon, the trial court granted the motion to suppress, and the state appealed. We hold the appeal is meritorious.
Testimony was given by the defendant and the arresting officer. The latter testified that while on routine automobile patrol he drove into the parking lot of a large apartment complex, at approximately 3:00 A.M.; that in one of the automobiles parked in the lot he observed two occupants, crouched down so that only their heads, from the nose up, were visible; that he stopped his car, got out and approached *526 the occupied vehicle; that as he did so the two visible occupants sat up, as did a third, in the rear seat, who had not been visible; that there was some light from the street lights of an adjacent avenue, and that when he looked into the car he saw a number of boxes and bottles on the front seat; that using his flashlight he saw that said items were labeled narcotics; that he informed the men they were under arrest and ordered them out of the automobile. The contraband was taken into possession by the police, and subsequently the defendant was charged as above indicated.
The testimony of the defendant did not present material conflicts. He stated the reason for presence of the men in the parking lot at that hour was that they had intended to obtain from an apartment in the building a key to a certain restaurant at which they were going to do some painting the following day. The officer testified the defendant did not give any explanation as to the presence of said parties in the lot. The defendant testified he had exited from the car before the officer approached it. Later he testified that he was in the process of alighting from the car as the officer approached. The officer testified the defendant and the others were in the car when he approached it, and that they remained therein until informed that they were under arrest and were ordered to get out.
The appellee argues the trial court correctly held, on those facts, that the contraband was obtained by the officer as a result of an unlawful search. We cannot agree. There was no search. The items seized were in plain view. State v. Ashby, Fla. 1971, 245 So.2d 225. The officer was present there in the lawful performance of his duties. When he observed persons occupying a parked automobile in the lot who appeared to be attempting to avoid observation, the officer was entitled to approach the car for the purpose of investigation. That seems obvious in the circumstances which prevailed. Likewise, when the officer saw a number of boxes and bottles on the seat he was entitled to take a better look to see what they were. Testimony of the officer that the items were similar to those displayed in drug stores was excluded as being irrelevant.
The use by the officer of a flashlight to give him better vision of the articles observed in the car was an act that was not constitutionally inhibited. Donar v. State, Fla.App. 1970, 236 So.2d 145; State v. Bass, Fla.App. 1970, 240 So.2d 90. In comparative circumstances the use of artificial light to increase visual ability has been approved, being likened to the use of field glasses. United States v. Lee, 274 U.S. 559, 47 S.Ct. 746, 71 L.Ed. 1202; 79 C.J.S. Searches and Seizures § 31.
The order appealed from is reversed.