374 So.2d 601 (1979)
The STATE of Florida, Appellant,
v.
Luis GARCIA, Miguel A. Betancourt and Loinas Boquette, Appellees.
No. 78-1921.
District Court of Appeal of Florida, Third District.
August 14, 1979.
Rehearing Denied September 25, 1979.
*602 Janet Reno, State's Atty., and Arthur Joel Berger, Asst. State's Atty., for appellant.
Joseph Mincberg and Peter F.K. Baraban, John Muldowney, Miami, for appellees.
Before HAVERFIELD, C.J., and BARKDULL and KEHOE, JJ.
PER CURIAM.
The State of Florida appeals an order granting the defendants' motion to suppress on the ground that the evidence seized was the product of an unlawful search in that the police lacked probable cause.
At approximately 11:00 P.M. on April 28, 1977 Miami Beach police officer Robert Acuna received a radio call with regards to a suspicious van type truck backed up to the front door of a house located at 314 East San Marino Drive on one of the city's islands. He drove to that address but did not see a vehicle fitting this description. Since San Marino Drive is a continuous street circling the island divided into an east side and west side which are often confused, the officer drove around the island to West San Marino Drive and observed a van truck backed up to a house at 320 West San Marino Drive. At about the same time, Miami Beach police officer Phil Lassiter arrived on the scene also as a result of a radio call advising that this was a closed home[1] and the neighbors had observed a truck parked at the premises and activities inside the house. The officers walked up to the truck and looked into the open rear. Officer Acuna shined his flashlight inside and observed what appeared to him to be two bales of marijuana. He then proceeded to the front door of the residence which was open and he could smell the odor of marijuana smoke. The officers went to the sides of the house and through a window officer Acuna observed the defendants passing around what appeared to be a marijuana cigarette and bales of marijuana stacked to the ceiling. Officer Lassiter testified that by standing in the open front doorway he could see bales of marijuana stacked high and also smelled marijuana. Officer Acuna called for additional assistance and the defendants were apprehended after unsuccessfully attempting to flee. Defendants Betancourt, Boquette and Garcia were charged with unlawful possession of cannabis and hashish and possession of a controlled substance (cocaine). They filed a motion to suppress the evidence seized as the product of an unlawful warrantless search. After a hearing, the trial judge entered an order suppressing the evidence on the grounds that the officers lacked probable cause to believe a crime was committed and they had no right to be on the *603 property. This appeal from the suppression order ensued. We reverse.
When the lawful performance of his duty requires that an officer enter upon private property to make a general inquiry, such an entry is justifiable. United States v. Knight, 451 F.2d 275, 278 (5th Cir.1971) and Cf. State v. Belcher, 317 So.2d 842, 846 (Fla. 2nd DCA 1975); State v. Roker, 290 So.2d 525 (Fla. 3d DCA 1974). In the instant case, the original call over the police radio with regards to a large type van being backed up to a residence (the occupants being away) and the sighting from the street of such a van in close proximity to the given address necessitated that the officers investigate further as to whether a possible burglary was in progress. Therefore, the entry into the front yard by the officers was justifiable.
Inasmuch as the officers lawfully were on the property, it cannot be said that their looking into the back of the open truck and observing the bales of marijuana in plain view constituted a search. For it is not a search to observe what is so placed where it may be seen by an officer who is where he has a legal right to be. State v. Ashby, 245 So.2d 225, 227 (Fla. 1971). Furthering the investigation, officer Acuna looked into the window and observed the defendants sitting around the bales of marijuana and smelled the burning marijuana. Upon peering through the front doorway officer Lassiter observed the same. Under the circumstances, we conclude that the officers had probable cause to believe that a crime was being committed justifying a search of the premises. See e.g. Skelton v. State, 349 So.2d 193 (Fla. 3d DCA 1977).
For the reasons stated the suppression order is reversed and the cause remanded to the trial court for further proceedings.
Reversed and remanded.
NOTES
[1] The people who lived there were out of town.