440 So.2d 406 (1983)
STATE of Florida, Appellant,
v.
Richard MANN and Julia Pankey, Appellees.
No. 82-715.
District Court of Appeal of Florida, Fourth District.
October 5, 1983.
Rehearing Denied November 30, 1983.
*407 Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellant.
Craig R. Wilson of Ruffolo & Wilson, West Palm Beach, for appellees.
HURLEY, Judge.
This is a search and seizure case in which the state appeals an order suppressing physical evidence. We hold that the warrantless apartment search was justified under the "exigent circumstances" exception. Furthermore, we conclude that the contraband (marijuana), found during the search, was in plain view and, therefore, was properly seized. Accordingly, we reverse.
A Delray Beach tennis resort experienced twelve apartment burglaries during a three month period. Most were "lock pick" intrusions, but some involved forced entry. In an effort to catch the culprits, the Delray Beach police department initiated an undercover surveillance operation. Dressed in tennis attire, Officer Richard Lincoln conducted a floor to floor security check by walking along the open-air walkway of the multi-story apartment buildings. He approached apartment 4404 and noticed that the window screen was bent-out at the bottom. Closer inspection revealed that the screen had been inserted "inside-out"; tabs which should have been on the inside were protruding outward. Also, he noted that the door jamb near the lock was scarred; it appeared as though the lock had been tampered with.
After contacting two back-up undercover policemen, Officer Lincoln approached the apartment door. It swung open freely when the officer applied minimal pressure. He entered and noticed that a chair had been placed less than two feet from the door, near enough to have been propped-up against the door to keep it shut. He then searched the living room, the kitchen and a laundry room adjacent to the kitchen. His partial search revealed no signs of a burglary in progress. At this point, the two back-up officers arrived at the entrance to the apartment. One officer stated that a potential suspect had been seen running on the rooftop of the next building. Since Officer Lincoln had the only car, he agreed to conduct a mobile ground search for the suspect while the other two officers, Sylvester and Lewis, completed the search of the apartment.
Officer Sylvester entered the master bedroom and bath, opening the shower stall which he found to be unoccupied. Next, he saw a large walk-in closet with its door open. He entered, glanced about, and checked behind the door for an intruder. Within the closet, on a shelf, approximately at his eye level, he saw a clear plastic bag containing ten sandwich bags of marijuana. Sylvester testified that "[t]here were boxes and stuff on either side of it [the marijuana]... . It was on the same shelf, but nothing was in front of it."
*408 When faced with these facts, the trial court concluded that Officer Lincoln did not have probable cause to believe that a burglary had been or was in the process of being committed. We respectfully disagree. The pickmarks on the door jamb near the lock, the bent-out screen, the unlocked door and the recent history of burglaries in the apartment complex, all pointed to a forced entry. In our view, this was sufficient to constitute probable cause to believe that a burglary had been or was being committed. See, e.g., Guin v. City of Riviera Beach, 388 So.2d 604 (Fla. 4th DCA 1980). Armed with probable cause, the officer's immediate entry without a warrant was justified under the exigent circumstances exception to the warrant requirement of the state and federal constitutions.[1]See United States v. Estese, 479 F.2d 1273 (6th Cir.1973).
In Webster v. State, 201 So.2d 789, 792 (Fla. 4th DCA 1967), this court observed:
The general rules governing searches and seizures are subject to the exception of emergency situations, sometimes called the `exigency rule.' The reasonableness of an entry by the police upon private property is measured by the circumstances then existing. The right of police to enter and investigate in an emergency, without an accompanying intent either to seize or arrest, is inherent in the very nature of their duties as peace officers and derives from the common law. [citation omitted]
See also, Zeigler v. State, 402 So.2d 365, 371 (Fla. 1981), cert. denied, leave to proceed in forma pauperis granted, 455 U.S. 1035, 102 S.Ct. 1739, 72 L.Ed.2d 153 (1982).
While an exigent circumstance is often furnished by the need to determine whether emergency health care must be provided, State v. Hetzko, 283 So.2d 49, 51 (Fla. 4th DCA 1973), this particular exception to the warrant requirement has been utilized where the immediate danger is to property rather than to people. United States v. Selberg, 630 F.2d 1292 (8th Cir.1980); Guin v. City of Riviera Beach, supra; State v. Garcia, 374 So.2d 601, 603 (Fla. 3d DCA 1979). The facts of the present case emphasize the reasonable need for prompt police action to deter a potential burglary. As one court noted in a similar case, "to allow this situation to go uninvestigated for the several hours it would have taken to obtain a warrant would have allowed a grave public danger to go uncorrected... ." United States v. Moskow, 588 F.2d 882, 892 (3d Cir.1978). Although the first officer to enter the premises in this case did not complete a search of the entire apartment, logic suggested the reasonable inference that a burglar could still be within the unsearched rooms. The fact that other officers  as opposed to the initial investigating officer  completed the search has no bearing on the exigent circumstances which justified the warrantless intrusion in the first instance.
Having determined that the officers were within the apartment under a constitutionally supported exception to the warrant requirement, the sole remaining question is whether the marijuana's discovery can be upheld by the plain view doctrine. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). This doctrine was clarified by the Florida Supreme Court in Ensor v. State, 403 So.2d 349 (Fla. 1981). There the court noted that the doctrine is applied correctly when an officer inadvertently spots evidence or contraband in the course of a justifiable intrusion into a constitutionally protected area. The court went on to note that
[i]t is this situation for which the United States Supreme Court created the "plain view doctrine" in Coolidge and held that an officer could constitutionally seize the contraband in "plain view" from within this protected area. We emphasize that it is critical under this doctrine for the officer to be already within the constitutionally protected area when he inadvertently discovers the contraband.
Id. at 352.
Although the trial court did not reach the plain view issue, we believe that *409 the record is sufficiently developed to permit us to resolve the matter at this time. While the evidence as to plain view was not uncontradicted, no witness at the suppression hearing testified that the marijuana was thoroughly hidden from view. In fact, one of the codefendants admitted that the contraband, resting on the closet shelf at eye-level, was only partially covered. The searching officers testified that the bag was fully, immediately visible. There is no indication in the record that the discovering officer's investigation went beyond a search reasonably calculated to disclose the presence of an intruder. Therefore, we hold that the officer's inadvertent discovery of marijuana while he searched behind the walk-in closet door did not go beyond the parameters of his constitutional license. Accordingly, we reverse and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
DELL, J., and OWEN, WILLIAM C., Jr., Associate Judge, concur.
NOTES
[1] Art. I, § 12, Fla. Const.; U.S. Const. amend. IV as applied to the states by amend. XIV.