PER CURIAM.
The cursory search, or “protective sweep,” of the defendant’s residence at which he was arrested on an outstanding drug conspiracy warrant and which produced a small quantity of controlled substance found in the defendant’s bedroom which, in turn, formed the basis for a subsequent search warrant of the residence was not supportable under the requisite exigency standard applicable to such searches. See Dedmon v. State, 400 So.2d 1042 (Fla. 1st DCA 1981); United States v. Bowdach, 561 F.2d 1160 (5th Cir.1977); Newton v. State, 378 So.2d 297 (Fla. 4th DCA 1980); McNair v. State, 354 So.2d 473 (Fla. 3rd DCA 1978). These authorities stand for the proposition that protective sweeps are confined to situations where the police have reasonable grounds to believe their security may be jeopardized by others on the premises. The officers in the instant case testified that such sweeps were routine procedure when making such arrests. That will not support such a search.
The officers had no information indicating that the defendant was armed or dangerous although they did indicate that they were aware that he had at some time in the past been charged with aggravated assault. There was no indication that any other persons resided with the defendant at the subject premises or that anyone else would likely be present when the arrest warrant was executed. And the officers had surveilled the premises intermittently prior to the arrest.
The state, however, points to the fact that the defendant offered resistance when the officers failed to produce a warrant although he asked to see it several times. The officers were able to subdue the defendant and calm him down after displaying the warrant. Although the defendant was not justified in his resistance of the officers who had advised the defendant of their identity and of their possession of a warrant for his arrest, such does not by itself constitute the kind of exigent circumstances as will support a protective sweep of the entire premises as there was still no indication that others might be present.
Based upon the authorities, the trial court was clearly correct in granting the defendant’s motion to suppress.
AFFIRMED.
THOMPSON, NIMMONS and BAR-FIELD, JJ., concur.