482 So.2d 448 (1986)
Stephen Allen KLOSIESKI a/K/a Steven Allen Green; and Robin Marie Klosieski, Appellants,
v.
STATE of Florida, Appellee.
No. 85-541.
District Court of Appeal of Florida, Fifth District.
January 9, 1986.
*449 Paul J. Dubbeld of Judge & Warren, P.A., Daytona Beach, for appellants.
Jim Smith, Atty. Gen., Tallahassee, and Ellen D. Phillips, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Chief Judge.
The appellants, Stephen Allen Klosieski, and his wife, Robin Marie, were convicted of unlawful possession of a controlled substance, the result of a challenged "protective sweep" search of their home in conjunction with the execution of arrest warrants against them. The issue is whether the search was justified by exigency.
Testimony at a suppression hearing was elicited from two of the arresting officers, Officer Howard and Officer Kearney. Officer Howard testified that he, together with four other police officers, went to the residence of the appellants on September 18, 1984, with fugitive warrants for their arrest, based on charges of trafficking in controlled substances. Officer Howard testified that the police had information from the Monroe County Sheriff's Department that the Klosieskis were known to have firearms, although there was no information pertaining to any prior crimes of violence. The house had been under continuous surveillance for five to six hours prior to their arrival. There had been other surveillance of the house for approximately two-and-a-half weeks prior to the date of arrest. No occupants other than the Klosieskis had been observed.
For purposes of safety, the police positioned officers around the house, and one uniformed officer knocked on the front door, stating that he was a police officer. Officer Kearney testified that it was their purpose to attempt to get someone to open the door without alerting the Klosieskis to the proposed arrest. In response to the knock, Stephen Klosieski came to a window next to the door, opened it and talked with the officers. Klosieski stated he could not find a key to unlock the door, but exited from the house at the officers' request through the kitchen window. Hearing movement inside the house, the officers shouted but received no response. They then proceeded to force their way through the front door, but while in this process Robin Klosieski, who was just inside the door, told them to wait while she looked for the key. In any event, the officers forced their way through the door and pulled Robin outside the house and arrested her.
At that point, with both of the appellants under arrest and under control in the front yard, the officers proceeded into the house, ostensibly to see if there were any other persons inside. No contention is made by the state that warrantless entry was necessary to preserve suspected evidence. While inside, the officers noted drug paraphenalia and marijuana, the basis for the criminal charge resulting in the present appeal.
Based upon the foregoing testimony, the trial court upheld the search on the rationale that "because of the nature of their business and the fact that they did not know if there was anybody else in the house, I think they could reasonably feel that perhaps someone else was there. *450 They just flat don't know if there was anybody there... ." Thereafter, the appellants pled nolo contendere, reserving the right to appeal the denial of their motion to suppress, which was stipulated to be dispositive. On appeal, the Klosieskis contend that the officers erred when they searched the home for other persons after they themselves were under arrest and in police control.
Generally, unless a search warrant is issued, police officers may not enter a home and search absent exigent circumstances. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 29 L.Ed.2d 685 (1969). Exigent circumstances would include a situation where, after an arrest, the officers have a reasonable basis to suspect that there may be other individuals on the premises who would be dangerous to the police officers or destroy evidence. See State v. Skaff, 450 So.2d 896 (Fla. 1st DCA 1984); Dedmon v. State, 400 So.2d 1042 (Fla. 1st DCA 1981); Newton v. State, 378 So.2d 297 (Fla. 4th DCA 1979), review denied, 389 So.2d 1115 (Fla. 1980); Grant v. State, 374 So.2d 630 (Fla. 3d DCA 1979); McNair v. State, 354 So.2d 473 (Fla. 3d DCA 1978). Absent extraordinary circumstances, government agents have no right to search a dwelling when an arrest is effectuated outside it. Vale v. Louisiana, 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1970). In Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), the United States Supreme Court reaffirmed the latter principle:
In terms that apply equally to seizures of property and to seizures of persons, the Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshhold may not reasonably be crossed without a warrant.
399 U.S. at 591, 100 S.Ct. at 1382, 63 L.Ed.2d at 653.
In the instant case, the police had no reason to believe that other individuals, dangerous to their safety, were inside the house. None had been observed during any surveillance. The Klosieskis were in custody outside. Obviously, the safety of the officers was placed in greater jeopardy by their entry into the house than it would have been had they simply left the premises with the Klosieskis, the purpose of the arrest warrants having been fulfilled. The fact that the police did not know, as an absolute certainty, whether more people were in the house, as found by the trial court, cannot justify entry into the house. There was no exigency, and it was error to deny the motion to suppress. Hence, we reverse the convictions of the appellants.
REVERSED.
UPCHURCH and SHARP, JJ., concur.