543 So.2d 1278 (1989)
STATE of Florida, Appellant,
v.
Dudley S. HAINES, Appellee.
No. 88-1363.
District Court of Appeal of Florida, Fifth District.
May 11, 1989.
Rehearing Denied June 6, 1989.
*1279 Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellant.
Michael J. Snure, of Muller, Kirkconnell, Lindsey & Snure, P.A., Winter Park, for appellee.
SHARP, Chief Judge.
The state appeals from the trial court's order which suppressed evidence located within Haines' home. Haines was charged with possession of a controlled substance, cannabis, in excess of twenty grams.[1] Haines argued below that the police lacked sufficient probable cause to search for a possible burglar in his residence where the cannabis was discovered; and that they exceeded the bounds of a reasonable search when a police officer peeked into a closet and found marijuana plants growing in a large terrarium. We reverse.
The record of the suppression hearing established that Haines' well-meaning neighbor, Moore, called the police to investigate a possible burglary of Haines' residence. Moore occupied the other half of Haines' duplex. He told the three police officers when they arrived that the owner or people living in Haines' duplex were out-of-town on a fishing trip. He was concerned because he noted that the front door of Haines' residence was standing open approximately four to five inches. It was 8:00 p.m.; and no lights were on inside.
At that point, the police officers opened the door and announced they were members of the police department. Receiving no response, they searched the various rooms of the residence for an intruder. While making the search, they pulled aside a curtain covering the entrance to a closet in the hallway, and discovered the terrarium. It was in plain view, and the closet was sufficiently large to have provided a hiding place for a possible burglar.
We think the police officers were justified under these circumstances in conducting a search of the residence for possible intruders. State v. Mann, 440 So.2d 406 (Fla. 4th DCA 1983); Guin v. City of Riviera Beach, 388 So.2d 604 (Fla. 4th DCA 1980); State v. Garcia, 374 So.2d 601 (Fla. 3d DCA 1979). Sufficient exigent circumstances existed to excuse the obtaining of a search warrant. See Johnson v. State, 386 So.2d 302 (Fla. 5th DCA 1980). The search conducted here was not for cannabis, but for a possible burglar. The fact that the police discovered cannabis in plain view in a place they were entitled to search for an intruder was bad luck for Haines, but it does not invalidate their search and discovery. See Sheff v. State, 301 So.2d 13 (Fla. 1st DCA 1974), affirmed, 329 So.2d 270 (Fla. 1976).
REVERSED and REMANDED.
ORFINGER and COWART, JJ., concur.
NOTES
[1] §§ 893.03(1)(c), 893.13(1), Fla. Stat. (1987).