PER CURIAM.
The state appeals the order granting the defendant’s 'motion to suppress evidence. Law enforcement officers who arrived on the defendant’s premises without a warrant seized the evidence after the end of exigent circumstances which permitted other law enforcement officers lawfully to enter his home without a warrant. The court reasoned that the second set of officers had time to obtain a warrant and failed to do so. We reverse.
Following a neighbor’s report of a burglary in progress, the first set of officers searched the defendant’s residence to see if any burglars remained or if a victim needed assistance. During the search, they observed marijuana and paraphernalia. Neither party disputes the conclusion that their warrantless entry was justified by the exigent circumstances exception to the warrant requirement. See, e.g., State v. Mann, 440 So.2d 406 (Fla. 4th DCA 1983).
One of the original officers remained on the scene, staying outside the residence until narcotics officers, whom they called to the scene pursuant to department policy, arrived shortly thereafter. Because the road patrol officers could have legally seized the evidence at that time, the narcotics officers did not need a warrant to continue to exercise the police function which the road patrol officers had begun. The second “entry” was clearly part of one continuous episode. See Allen v. State, 638 So.2d 577 (Fla. 1st DCA 1994); Wooten v. State, 398 So.2d 963 (Fla. 1st DCA 1981). Unlike Anderson v. State, 665 So.2d 281 (Fla. 5th DCA 1995), where the exigent circumstances had ended prior to the discovery of evidence, the road patrol officers in this case observed the marijuana and paraphernalia during their initial, lawful entry into the home.
Reversed and remanded for further proceedings.
STONE, C.J., and STEVENSON and GROSS, JJ., concur.