COPE, J.
 

 The police took defendant-appellant Mestral into custody in his front yard and conducted a protective sweep inside his house. Because the police entered without consent, exigent circumstances, or a search warrant, the protective sweep was illegal. The motion to suppress evidence should have been granted.
 

 A neighbor of the defendant called the police during the daytime to report a possible burglary in progress at the defendant’s home. The neighbor said there were two white males who appeared to be carrying objects out of the house, possibly drugs, and placing them in a vehicle in front of the house.
 

 When the police arrived, the defendant, his wife, their four-year-old child, and a man named Nelson Hernandez were in the front yard.
 
 [1]
 

 The police observed that there were two white males in the front yard, and one was holding an object in his hands. There was a vehicle in the front yard which was backed up to the house. The police observed what appeared to be pry marks on the front door of the home. The officers concluded that what they observed corresponded to the tip. The police separated the defendant and Hernandez and placed each in the back seat of a different police car.
 
 [2]
 

 The officers ascertained that the defendant’s wife, who spoke little English, lived in the home. They told her to remain on the porch with the child and, without asking consent, entered the house to conduct a protective sweep. The officers indicated that it is their normal procedure in a burglary case to enter the house to see if any more perpetrators or victims are inside.
 

 During the protective sweep an officer opened a closet. The back wall of the closet had been cut out, so that it provided an entryway to an adjacent efficiency apartment. Through the opening the officer could see that the efficiency apartment contained a marijuana grow room. The officers completed their sweep and called the narcotics squad. The narcotics squad obtained a written consent to search from the defendant, and seized the ninety-one marijuana plants plus growing equipment.
 

 The defendant was charged in count one with trafficking in cannabis and in count two with possession of cannabis. The defendant moved to suppress the evidence, arguing that the protective sweep constituted an illegal entry. The State defended entirely on the theory that the protective sweep was a legal entry, and did not rely on the post-sweep written consent. The trial court denied the motion to suppress. At trial the defendant was acquitted of count one and convicted on count two. He has appealed, contending that the motion to suppress evidence should have been granted.
 

 “[T]he Fourth Amendment has drawn a firm line at the entrance to the house.”
 
 Payton v. New York,
 
 445 U.S. 573, 590, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). Entry into a home is permissible
 
 *1017
 
 only by consent, a warrant, or exigent circumstances.
 
 Steagald v. United States,
 
 451 U.S. 204, 211-12, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981);
 
 see Gonzalez v. State,
 
 578 So.2d 729, 732-33 (Fla. 3d DCA 1991).
 

 In this case there was no warrant and the officers did not ask consent for the protective sweep. The State argued that there were exigent circumstances. Where, as here, the State relies on exigent circumstances, “[t]he burden rests on the State to show the existence of such an exceptional situation.”
 
 Vale v. Louisiana,
 
 399 U.S. 30, 34, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1970).
 

 The State relied on
 
 State v. Craycraft,
 
 704 So.2d 593 (Fla. 4th DCA 1997),
 
 State v. Haines,
 
 543 So.2d 1278 (Fla. 5th DCA 1989), and
 
 State v. Mann,
 
 440 So.2d 406 (Fla. 4th DCA 1983). Those cases are not on point.
 

 In
 
 Haines,
 
 a neighbor called the police about a possible burglary in progress because the door to the neighboring apartment was standing open and no one was home. The police came and announced their presence. Hearing no response, they entered and searched for a possible burglar. Such circumstances sufficiently established exigent circumstances because the house was open, the occupant was absent, and a burglary could well be taking place. 543 So.2d at 1279.
 

 In
 
 Mann,
 
 a police officer observed a bent out window screen at an apartment complex which had experienced numerous burglaries. The lock on the door to the unit appeared to have been tampered with, and the door swung open to the touch. The court concluded that exigent circumstances existed which allowed the officer’s warrantless entry. 440 So.2d at 408.
 

 In
 
 Craycraft,
 
 a neighbor reported a burglary in progress. No details are given in the opinion, but both sides agreed that exigent circumstances justified the officers’ initial entry into the house. 704 So.2d at 593.
 

 No such circumstances existed here. The detention of the defendant occurred in the front yard. Even if the police had not ascertained that the defendant resided there, the wife was present and the officers knew she resided there.
 

 The question, then, is whether the police could, as a matter of routine practice, enter the dwelling to conduct a protective sweep where the defendant was detained in the front yard.
 

 The United States Supreme Court has rejected the idea “that an arrest on the street can provide its own ‘exigent circumstance’ so as to justify a warrantless search of an arrestee’s house.”
 
 Vale,
 
 399 U.S. at 35, 90 S.Ct. 1969. It is therefore clear that an entry into a home to conduct a protective sweep cannot be done simply as a matter of routine practice.
 

 Writing in the context of an arrest inside a home, the Supreme Court has addressed protective sweeps. The Court announced a two-part rule. First, the Court said that “as an incident to the arrest the officers could, as a precautionary matter and without probable cause or reasonable suspicion, look in closets and other spaces immediately adjoining the place of arrest from which an attack could be immediately launched.”
 
 Maryland v. Buie,
 
 494 U.S. 325, 334, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990).
 
 [3]
 

 Second, the Court addressed whether there could be a protective sweep into the remainder of the house. The Court said that to go beyond the immediate area of the arrest,
 

 
 *1018
 
 “there must be articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene. This is no more and no less than was required in
 
 Terry [v. Ohio,
 
 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968),] and
 
 [.Michigan v.] Long,
 
 [463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983),] and as in those cases, we think this balance is the proper one.”
 

 Maryland v. Buie,
 
 494 U.S. at 334, 110 S.Ct. 1093.
 

 “Although the United States Supreme Court never has ruled on the constitutionality of a protective sweep of a home, incident to an arrest occurring just outside that home, the federal courts that have addressed the issue uniformly have held that the reasoning of
 
 Buie
 
 applies to that situation.”
 
 State v. Spencer,
 
 268 Conn. 575, 848 A.2d 1183, 1192 (2004);
 
 see, e.g., United States v. Oguns,
 
 921 F.2d 442, 446 (2d Cir.1990).
 

 The
 
 Buie
 
 “standard would require the officers to have articulable facts, not a mere hunch, that would warrant a reasonable belief that the rooms they intended to search harbored a dangerous individual posing a threat to those on the arrest scene.”
 
 Vasquez v. State,
 
 870 So.2d 26, 31 (Fla. 2d DCA 2003);
 
 State v. Hedley,
 
 593 A.2d 576, 581 (Del.Sup.Ct.1990) (“If the arrest occurs outside the residence, a protective sweep would only be legal if the officers have articulable facts which, taken with the logical implications therefrom, would lead a reasonably prudent officer to believe the area to be searched harbors a person or persons that posed danger to those on the arrest scene.”);
 
 see Newton v. State,
 
 378 So.2d 297, 298 (Fla. 4th DCA 1979) (“such a protective measure is only allowable when the officers have some reasonable grounds to suspect additional persons may be present. It cannot be justified routinely.”);
 
 see also United States v. Colbert,
 
 76 F.3d 773, 778 (6th Cir.1996) (“Lack of information cannot provide an articulable basis upon which to justify a protective sweep”).
 

 In this case the officers entered the residence as part of a routine practice and not on the basis of any articulable facts which would warrant a reasonable belief that there was any dangerous individual inside who posed a threat to those on the arrest scene. Because the protective sweep was impermissible, the motion to suppress evidence should have been granted, and the evidence should not have been admitted at the defendant’s trial.
 

 For the stated reasons, we reverse the conviction and remand with directions to grant the motion to suppress evidence and for further proceedings consistent herewith.
 
 [4]
 

 [1]
 

 . Hernandez testified that he went to the defendant’s house to pick up $200 and deliver the registration for a car his father-in-law sold the defendant.
 

 [2]
 

 . There was no testimony at this suppression hearing establishing whether the officers had determined at this point that the defendant lived in the house.
 

 [3]
 

 . This part of the
 
 Bute
 
 rule is inapplicable where, as here, the detention occurs in the yard rather than in the house.
 

 [4]
 

 . We reject the defendant's second point on appeal without discussion.