TAYLOR, J.
 

 Antonio Rowell appeals the denial of his motion to suppress evidence and conviction for possession of a firearm by a convicted felon. We reverse, holding that the war-
 
 *993
 
 rantless entry into appellant’s apartment cannot be justified either under the “exigent circumstances” doctrine or as a valid protective sweep incident to appellant’s arrest outside the apartment.
 

 Appellant was charged by second amended information with possession of a firearm by a convicted felon. Appellant filed a pre-trial motion to suppress physical evidence, arguing that the firearm was seized as a result of an unlawful warrant-less search of his apartment.
 

 The evidence at the suppression hearing revealed that on January 3, 2010, the police were dispatched to an apartment complex in response to a “shots fired” call. The police arrived at the complex within about a minute of the dispatch and detained several individuals at the scene, including appellant. The officers located a shell casing in front of a first floor apartment. The officers established a perimeter around the entire apartment complex.
 

 The alleged victim told the police that appellant had shot at him from the second floor balcony. One of the testifying officers acknowledged there was no indication that there was a second shooter. The other testifying officer at one point stated in his testimony that appellant was “one of the shooters,” but this officer later acknowledged that he had no knowledge of a second shooter.
 

 Appellant’s apartment was located on the third floor of the complex. After appellant was placed in custody, the officers decided to search appellant’s apartment for the safety of everyone at the scene and to determine if any other suspects were in the apartment. The door to appellant’s apartment was “wide open.” The officers then entered the apartment and conducted a protective sweep for “officer safety.” At the time of the initial entry, the officers did not know whether there was anybody in appellant’s apartment. During the protective sweep, the officers located a firearm on the kitchen counter. Once the officers determined that there were no other people in the apartment, they exited the apartment and sealed it.
 

 Later, the police obtained written consent to search the apartment from appellant’s girlfriend, a co-occupant of the apartment who was present at the apartment complex. But this occurred after the police had already entered the apartment the first time.
 

 One of the officers testified that based on his training and experience, the police would have had sufficient grounds to obtain a warrant to search appellant’s apartment. He acknowledged on cross-examination that a perimeter had been established around the entire apartment complex and that there would have been ample time to secure a search warrant.
 

 At the conclusion of the hearing, the trial court denied the motion to suppress. The court appeared to conclude that exigent circumstances justified the warrant-less entry, reasoning that the search was constitutional because the situation “was still a dynamic fluid and changing scene, and it is not unreasonable for officers to search the area where witnesses identify shots being fired from, to make sure its secure.” The court further reasoned that even if the officers’ entry was not appropriate, there would have been inevitable discovery of the evidence.
 

 Following the denial of the motion to suppress, appellant pled guilty to the charge of possession of a firearm by a convicted felon, expressly reserving the right to appeal the denial of his motion to suppress the physical evidence.
 

 “A trial court’s ruling on a motion to suppress comes to the appellate court clothed with a presumption of correctness and the court must interpret the evidence and reasonable inferences and de
 
 *994
 
 ductions derived therefrom in a manner most favorable to sustaining the trial court’s ruling.”
 
 Terry v. State,
 
 668 So.2d 954, 958 (Fla.1996). While an appellate court accords a presumption of correctness to the trial court’s ruling on motion to suppress with regard to the trial court’s determination of historical facts, an appellate court independently reviews the mixed questions of law and fact that determine constitutional issues.
 
 Tengbergen v. State,
 
 9 So.3d 729, 733 (Fla. 4th DCA 2009).
 

 A private home is an area where a person enjoys the highest reasonable expectation of privacy under the Fourth Amendment.
 
 Ruiz v. State,
 
 50 So.3d 1229, 1231 (Fla. 4th DCA 2011). Even when police officers have probable cause, they may not enter a dwelling without a warrant absent a recognized exception to the warrant requirement, such as consent or exigent circumstances. See
 
 Rebello v. State,
 
 773 So.2d 579, 580 (Fla. 4th DCA 2000).
 

 “[E]xigent circumstances exist where the occupants of a house are
 
 aware
 
 of the presence of someone outside,
 
 and are engaged in activities
 
 that justify the officers in the belief that the occupants
 
 are actually trying to escape or destroy evidence.” Lee v. State,
 
 856 So.2d 1133, 1138 (Fla. 1st DCA 2003) (citation omitted) (emphasis in original). But “a key ingredient of the exigency requirement is that the police lack time to secure a search warrant.”
 
 Rolling v. State,
 
 695 So.2d 278, 293 (Fla.1997). The state bears the burden “to demonstrate that the procurement of a warrant was not feasible” because of the exigencies of the situation.
 
 Hornblower v. State,
 
 351 So.2d 716, 717 (Fla.1977) (citation omitted).
 

 Similarly, the Fourth Amendment permits a protective sweep incident to an arrest if the officer possesses a reasonable belief based on specific and articulable facts which warrant the officer in believing that the area harbors an individual posing a danger to the officer or others.
 
 Maryland v. Buie,
 
 494 U.S. 325, 327, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990). The Supreme Court has defined a protective sweep as “a quick and limited search of premises, incident to an arrest and conducted to protect the safety of police officers or others.”
 
 Id.
 

 A protective sweep of a home, incident to an arrest
 
 outside
 
 the home, cannot be justified routinely.
 
 See Mestral v. State,
 
 16 So.3d 1015, 1018 (Fla. 3d DCA 2009). Where a defendant is arrested outside his or her home, a warrantless protective sweep of the defendant’s home is permissible only if the officers have a reasonable, articulable suspicion that the protective sweep is necessary due to a safety threat or the destruction of evidence.
 
 See Diaz v. State,
 
 34 So.3d 797, 802 (Fla. 4th DCA 2010). The arresting officer must have both (1) a reasonable belief that third persons are inside, and (2) a reasonable belief that the third persons were aware of the arrest outside the premises and might destroy evidence, escape or jeopardize the safety of the officers or the public.
 
 Id.
 
 Where suspects are arrested outside a home and police officers have no reason to believe that other individuals dangerous to their safety are inside the home, entry into the dwelling cannot be justified merely because the police do not know, as an absolute certainty, whether more people could be in the home.
 
 See Klosieski v. State,
 
 482 So.2d 448, 449-50 (Fla. 5th DCA 1986) (“[T]he police had no reason to believe that other individuals, dangerous to their safety, were inside the house.... The fact that the police did not know, as an absolute certainty, whether more people were in the house ... cannot justify entry into the house.”).
 

 In this case, the warrantless entry cannot be justified under the “exi
 
 *995
 
 gent circumstances” doctrine or as a valid protective sweep incident to an arrest. At the time of the initial protective sweep, appellant had already been taken into custody outside his apartment. And one of the officers admitted on cross-examination that there was ample time to secure a search warrant. Further, the victim, who was interviewed at the scene, did not mention a second shooter, nor was there any objective indication that a second shooter was involved. Moreover, the officers had no information suggesting that there was anybody inside appellant’s apartment. A warrantless entry cannot be justified based on unfounded speculation that there could be someone inside the home who might pose a threat to officer safety.
 
 See Mestral,
 
 16 So.3d at 1018 (protective sweep was impermissible where “the officers entered the residence as part of a routine practice and not on the basis of any articulable facts which would warrant a reasonable belief that there was any dangerous individual inside who posed a threat to those on the arrest scene.”). Under the circumstances of this ease, we conclude that the officers did not have a reasonable belief that third persons were inside appellant’s apartment, much less a reasonable belief that any such persons were aware of the arrest and might destroy evidence or pose a threat to safety.
 

 We next address whether the evidence of the firearm could nevertheless be admissible pursuant to the “inevitable discovery” doctrine.
 

 Under the inevitable discovery doctrine, if the prosecution can establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means, the evidence will be admissible.
 
 See Nix v. Williams,
 
 467 U.S. 431, 434, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984). For the inevitable discovery doctrine to apply, the State must establish that the evidence would have been discovered “by means of normal investigative measures that inevitably would have been set in motion as a matter of routine police procedure.”
 
 Craig v. State,
 
 510 So.2d 857, 863 (Fla.1987). Some courts also require the prosecution to show that the lawful means which made discovery inevitable were being actively pursued prior to the occurrence of the illegal conduct.
 
 See United States v. Virden,
 
 488 F.3d 1317, 1322 (11th Cir.2007). “This second requirement is especially important. Any other rule would effectively eviscerate the exclusionary rule, because in most illegal search situations the government could have obtained a valid search warrant had they waited or obtained the evidence through some lawful means had they taken another course of action.”
 
 Id.
 
 at 1322-23.
 

 In reviewing federal decisions on the inevitable discovery doctrine, the First District explained that “the inevitable discovery doctrine will not be applied in every case where the police had probable cause for a search warrant, but failed to get one.”
 
 See McDonnell v. State,
 
 981 So.2d 585, 593 (Fla. 1st DCA 2008). Relevant factors include whether the police made an effort to get a warrant prior to the illegal search and whether strong probable cause existed for the search warrant.
 
 Id.
 

 In
 
 McDonnell,
 
 the First District found that the inevitable discovery doctrine applied where the police had probable cause to obtain a warrant and were in the process of obtaining a warrant when the defendant gave consent to the search— though that consent was later determined to be involuntary.
 
 Id.
 
 Likewise, in similar circumstances, our court has applied the inevitable discovery doctrine where the police had probable cause but aborted the warrant process after obtaining constitutionally deficient consent from the defendant’s wife.
 
 See Conner v. State,
 
 701 So.2d 441, 443 (Fla. 4th DCA 1997).
 

 
 *996
 
 Here, contrary to the state’s argument, the inevitable discovery doctrine does not apply merely because the police may have had probable cause to obtain a search warrant. In this case, unlike in
 
 McDonnell
 
 and
 
 Conner,
 
 the prosecution made absolutely no showing that efforts to obtain a warrant were being actively pursued prior to the occurrence of the illegal conduct. Operation of the “inevitable discovery” rule under the circumstances of this case would effectively nullify the requirement of a search warrant under the Fourth Amendment. Therefore, we decline to apply the inevitable discovery doctrine to this case.
 

 In sum, because there was time to secure a warrant and the officers did not have a reasonable belief that third persons were inside appellant’s apartment who might destroy evidence or pose a threat to safety, the warrantless entry of appellant’s apartment cannot be justified either under the “exigent circumstances” doctrine or as a valid protective sweep incident to an arrest. The warrantless entry into appellant’s apartment thus violated the Fourth Amendment. Furthermore, because the state cannot show that officers were actively pursuing any lawful means at the time of the illegal conduct, it cannot evade the suppression of the evidence by utilizing the inevitable discovery exception to the exclusionary rule. Finally, because the state failed to prove that the taint of the illegal protective sweep was dissipated by subsequent events, appellant’s girlfriend’s subsequent written consent for a search of the apartment was invalid.
 
 See, e.g., Diaz,
 
 34 So.3d at 803-04.
 

 Reversed,.
 

 POLEN and STEVENSON, JJ., concur.