PER CURIAM.
The State appeals from an order suppressing marijuana in R.R.’s backpack and his statements to deputies. We affirm the order suppressing his statements, but reverse the order suppressing the marijuana.
At the suppression hearing, the following evidence was adduced from the testimony of one of the arresting deputies. Responding to an anonymous call that there was a child at a particular location who had marijuana in his backpack, two deputies proceeded to the specific location in separate cars. The caller described the child’s clothing, the backpack, and the location where the child was sitting. The caller also gave the child’s first and last name. Two deputies arrived almost simultaneously, got out of their vehicles, and approached R.R. in a “V” configuration from different directions.
R.R.’s clothing, backpack, and location “matched the description to the ‘t’ exactly where he was — where the anonymous complainant said he — he was sitting at,” according to the testimony of the deputy at the healing. The deputy described the interaction leading to discovery of marijuana as follows:
A: I kept approaching him and then I called him by name, “Hey, [R.R.’s first name].” And then he turned around.
Q: Okay. Then what happened?
A: I asked him, “Are you [R.R.’s first name]?” He goes, “I’m [R.R.’s first name] ... As I made contact with him I — first I patted him down to make sure he didn’t have any weapons. Then I asked him if he had anything illegal in the back pack. He advised he had some weed. Then after that we — He was identified by Florida ID, obviously. Inside the backpack there was a — like a Tupperware container which contained a plastic zip bag and the plastic zip bag contained seven individual smaller zip bags. They call them “dime bags.”
(emphasis added).
On cross-examination, the deputy testified that after he stopped R.R. he was not free to leave and that he had probable cause to arrest R.R. for a criminal violation of a city ordinance for being in the park after hours.[1]
*921 At the hearing, the State made three arguments against suppression: 1) R.R. consented to the search; 2) Miranda warnings were not required because R.R. was not in custody for Miranda purposes; and 3) the marijuana would have been inevitably discovered because officers had probable cause to make an arrest for an ordinance violation.
At the conclusion of the hearing, the trial court granted the motion to suppress, finding there was probable cause, to detain R.R., R.R. was in custody for Miranda purposes, and Miranda warnings should have been given prior to asking R.R. if he had anything illegal. The trial court concluded the failure to give Miranda warnings rendered the consent to search involuntary. When specifically asked about a ruling on the applicability of the inevitable discovery doctrine, the trial court did not explicitly address the issue in its oral pronouncement or written order. By denying the motion to suppress, the trial court implicitly determined the inevitable discovery doctrine did not apply in this case.
A trial court’s ruling on a motion to suppress is a mixed question of fact and law. Shingles v. State, 872 So.2d 434, 437 (Fla. 4th DCA 2004). Although we find no error with the trial court’s rulings concerning the suppression of R.R.’s statements, we find error with the ruling on the inevitable discovery doctrine and the suppression of the marijuana.
As we recently stated in Rowell v. State, 83 So.3d 990, 995 (Fla. 4th DCA 2012):
Under the inevitable discovery doctrine, if the prosecution can establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means, the evidence will be admissible. See Nix v. Williams, 467 U.S. 431, 434, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984). For the inevitable discovery doctrine to apply, the State must establish that the evidence would have been discovered “by means of normal investigative measures that inevitably would have been set in motion as a matter of routine police procedure.” Craig v. State, 510 So.2d 857, 863 (Fla.1987). Some courts also require the prosecution to show that the lawful means which made discovery inevitable were being actively pursued pri- or to the occurrence of the illegal conduct. See United States v. Virden, 488 F.3d 1317, 1322 (11th Cir.2007).
The officer testified that he had probable cause to arrest R.R. for an ordinance violation and that he would have arrested R.R. regardless of whether he consented to a search or not. The evidence supports probable cause to arrest R.R. for the ordinance violation even prior to asking him if he had anything illegal in his possession. Thus, the marijuana in his backpack would have inevitably been found in a search incident to arrest.

Affirmed in part and reversed in part.

WARNER, STEVENSON and CONNER, JJ., concur.

. The record on appeal demonstrates the ordinance violation allows for the possible imposition of a jail sentence.