216 So.2d 41 (1968)
GENERAL INSURANCE COMPANY OF AMERICA, Garnishee, Appellant,
v.
J. Erskine REID et al., Appellees.
No. 1724.
District Court of Appeal of Florida. Fourth District.
October 24, 1968.
Rehearing Denied December 18, 1968.
John L. Sewell, of Gurney, Gurney & Handley, Orlando, for appellant.
James O. Driscoll, of Driscoll, Baugh & LaGrone, Orlando, for appellee J. Erskine Reid.
OWEN, Judge.
This case involves a question of coverage under an automobile liability policy. It is our view that the trial court erred in holding that there was coverage under the policy, and we therefore reverse.
Appellant insurer had issued its automobile liability policy in which J. Erskine Reid, individually, and J. Erskine Reid Enterprises, Inc. were the named insureds. Mr. Reid [plaintiff] and Mr. Edgison [defendant] were both employed by J. Erskine Reid Enterprises, Inc. [employer]. On June 11, 1960, Reid was a passenger in a motor vehicle owned by the employer and driven by Edgison, at which time both Reid and Edgison were in the course of their employment for their common employer. Edgison negligently operated the motor vehicle causing serious personal injuries to the plaintiff for which he brought suit *42 against Edgison and recovered judgment in the amount of $42,500.00.
Appellee Reid then brought Writ of Garnishment against appellant insurer on the theory that Edgison as operator of the vehicle was an insured under the policy which appellant had issued to the owner, J. Erskine Reid Enterprises, Inc. Appellant's amended answer to the Writ of Garnishment denied any indebtedness to the defendant, but admitted the existence of the automobile liability insurance policy (a copy being attached to the amended answer), and alleged that the policy excluded cover for defendant Edgison by reason, inter alia,[1] of the "cross employee exception"[2] contained therein. Plaintiff traversed the amended answer alleging simply that defendant Edgison was an insured under the policy. On plaintiff's motion for judgment on the pleadings, the court granted the same and awarded judgment to the plaintiff against the appellant insurer in the amount of the judgment owed by defendant, ruling [inferentially] that defendant was an insured under appellant's policy.
At the outset, we deem it important to note that there is a clear distinction between the "cross employee exception" and the "employee exclusion" clauses of the policy. The historical development of these two clauses has been ably set forth by text writers[3] and learned jurists,[4] and we need not dwell on that. Suffice it to say that the clauses are separate and distinct, the cross employee exception having come into being to protect the employee exclusion.[5]
With this brief prologue, we turn to the strikingly simple and undisputed facts of this case for answer to the question of whether Edgison had coverage as an insured under the policy. Since Edgison *43 was not a named insured,[6] if he is an insured at all, it must be under the omnibus definition of "any person while using the automobile with permission of the named insured". Edgison does fit within that broad classification and if the policy said nothing more, there would be no question of his being an insured under the policy. But, the policy in clear, unambiguous language provides an exception to the broad definition of an omnibus insured. This exception states simply that the insurance does not apply to an employee who injures a fellow employee of the same employer in the course of such employment while using the automobile in the business of such employer. All parties in this case came within the literal terms of this exception to the definition of an omnibus insured, as interpolation of names makes so plain:
"* * * The insurance * * * does not apply:
"* * *.
"(2) to any employee [Edgison] with respect to injury to * * * another employee [Reid] of the same employer [J. Erskine Reid Enterprises, Inc.] injured in the course of such employment in an occurrence arising out of the maintenance or use of the automobile in the business of such employer [J. Erskine Reid Enterprises, Inc.]."
As stated by Judge John R. Brown in Stewart v. Liberty Mutual Insurance Company, 5 Cir.1958, 256 F.2d 444, the cross employee exception to coverage is applied universally to exclude coverage in a situation of this type. With the exception of Wisconsin which has by statute somewhat restricted the effect of the cross employee exception, all other jurisdictions which have had occasion to consider the effect of the cross employee exception have held it to exclude coverage under facts similar to those in this case.[7] There is simply no coverage under the plain terms of the policy.
Appellee, seeking to support the judgment under review, contends that this precise question has been previously decided by this court in the case of Shelby Mutual Insurance Co. v. Schuitema, Fla.App. 1966, 183 So.2d 571. Schuitema was a landmark case, correctly holding that the severability of interest clause required that the term "the insured" meant only the person claiming coverage or only the person for whom coverage is the issue, and when the same was applied to the employee exclusion clause, such clause was not effective to exclude coverage under the policy unless the person making the claim was the employee of the insured against whom the claim was asserted. The Supreme Court of Florida at 193 So.2d 435 expressly approved this court's holding in Schuitema and there should be no question now but that in this jurisdiction, as concerns the severability of interest clause and its effect on the employee exclusion clause, the law is settled. Appellee asserts that the severability of interest clause will aid his cause. His reliance thereon is misplaced, as it has no relevancy whatever to the cross employee exception.[8]
Appellee refuses to recognize the distinction between the employee exclusion clause as involved in Schuitema, and the cross employee exception clause which is involved in the instant case. In effect, appellee has suggested that one is simply the nom de plume of the other, and has based his entire case upon the authority of Schuitema and similar decisions from this and other jurisdictions, every one of which *44 pertains solely to the employee exclusion.[9] These cases simply are not relevant to the cross employee exception involved in the case at bar.
The judgment is reversed and the cause remanded with directions to enter judgment on the pleadings for the garnishee and against the plaintiff.
Reversed and remanded.
CROSS, J., and ANDERSON, ALLEN C., Associate Judge, concur.
NOTES
[1] Another reason asserted in the lower court by the insurer as to why Edgison was excluded from coverage under the policy, was the "employee exclusion" clause. Such clause is not applicable and unfortunately, its interjection by garnishee well may have confused the issue. That clause [upon which appellant did NOT rely in its brief before this court] provides as follows:

"EXCLUSIONS"
"This policy does not apply:
"* * *.
"(f) under coverage A, to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of (1) domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the insured. * * *"
[2] The policy defines who is insured, and makes certain exceptions thereto, by providing as follows:

"III. Definition of Insured: (a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word `insured' includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insurer or such spouse or with the permission of either. The insurance with respect to any person or organization other than the named insured or such spouse does not apply:
"* * *.
"(2) to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an occurrence arising out of the maintenance or use of the automobile in the business of such employer."
[3] Risjord and Austin, "Who is `the Insured'", XXIV University of Kansas City Law Review 65 (Fall Issue 1955); 50 A.L.R.2d 78, § 6(b); 7 Am.Jur.2d Automobile Insurance, § 133.
[4] Bevans v. Liberty Mutual Insurance Company, 4 Cir.1966, 356 F.2d 577; Lumber Mutual Casualty Ins. Co. of New York v. Stukes, 4 Cir.1947, 164 F.2d 571.
[5] See the comment of leading authorities on this subject, Risjord and Austin, 3 Automobile Liability Insurance Cases, Case 2789 at 3573; also the article by the same authors, supra, note 3.
[6] The "Cross Employee Exception" is not applicable to the named insured.
[7] All of these cases are collected and abstracted in Risjord and Austin, Automobile Liability Insurance Cases, Chapter 22, Definition of Insured  Cross Employee Exception.
[8] Bevans v. Liberty Mutual Ins. Co., supra, note 4.
[9] American Agricultural Chemical Co. v. Tampa Armature Works, Inc., 5 Cir.1963, 315 F.2d 856; General Aviation Sup. Co. v. Insurance Company of No. America, D.C.Mo. 1960, 181 F. Supp. 380; Transport Insurance Co. v. Standard Oil Co. of Texas, 1960, 161 Tex. 93, 337 S.W.2d 284; Webb v. American Fire & Casualty Co., 1941, 148 Fla. 714, 5 So.2d 252.