388 So.2d 604 (1980)
Fleetwood GUIN, Appellant,
v.
CITY OF RIVIERA BEACH, Florida, Appellee.
No. 79-2293.
District Court of Appeal of Florida, Fourth District.
September 17, 1980.
*605 Joel T. Daves, III, of Burdick & Daves, West Palm Beach, for appellant.
Joseph H. Lowe, of Marlow, Shofi, Ortmayer, Smith, Connell & Valerius, Miami, for appellee.
HERSEY, Judge.
This action was commenced by appellant, Guin, against appellee, City, for trespass and invasion of privacy. At the close of appellant's case, the trial court directed a verdict for the city. The final judgment rendered pursuant to that directed verdict is the subject of this appeal.
Officer Van Wagner of the Riviera Beach police department was assigned to investigate a burglary of the residence of Mrs. Anna Hauf. During the course of his investigation and at the suggestion of Mrs. Hauf he checked a storage building located across the street from the burglarized residence. Finding a wooden latch open, the door of the building ajar, and, in the belief that another burglary had occurred or was taking place, he telephoned his supervisor. He next entered the building to determine if anyone was hiding there. His supervisor arrived and both officers searched the premises. During this search they found various snakes, both poisonous and non-poisonous, kept in glass aquariums in violation of a city ordinance. Animal Control was called and the snakes were removed. A sign indicating that the storage building had been condemned was found on the floor. As the result of a telephone call to the Building Inspector a Condemned sign was posted on the building.
Inquiry of a neighbor elicited the information that the storage building was used by appellant, Guin, and that he resided in the house immediately to the west of that building. In order to advise appellant of the disposition of the snakes, officer Van Wagner knocked on the door of the residence. There was no response and seeing another door he walked toward it. As he approached he observed that a jalousie window had been pushed up and the screen pushed out in such a manner that the doorknob could be reached from the outside. The door stood slightly ajar. Believing that he had a possible burglary in progress, officer Van Wagner called for a backup officer.
Both officers then entered and conducted a room by room search of the premises, *606 finding no one. As the officers were about to leave, the detectives arrived. They observed an outboard motor and some expensive stereo equipment. Appropriate inquiries were made and it was determined that these items were not stolen property.
Appellant contends that these facts present jury questions so that the directed verdict was erroneous.
Appellee maintains that the undisputed facts establish as a matter of law that the police had the right to enter and to make the kind of limited search involved here. Thus there was no actionable trespass or invasion of privacy.
Trespass to real property is an injury to or use of the land of another by one having no right or authority. Brown v. Solary, 37 Fla. 102, 19 So. 161 (1896). Therefore, merely entering a building constitutes a trespass. The tort of invasion of privacy is ordinarily considered to encompass four categories, one of which consists of "intrusion upon the plaintiff's physical solitude or seclusion, as by invading his home... ." W. Prosser, Torts § 117, P. 807 (4th ed. 1971). Florida has recognized the tort of invasion of privacy, at least to this limited extent. Thompson v. City of Jacksonville, 130 So.2d 105 (Fla.1st DCA 1961). Thus, unless the law provides some special exception applicable to the facts in this case, there was both a trespass and an invasion of privacy when the police entered and searched appellant's residence.
We turn, then, to the ultimate legal issue in this case: whether law enforcement personnel have a right, under appropriate circumstances, to enter upon private property. The law answers that question in the affirmative. "When the lawful performance of his duty requires that an officer enter upon private property to make a general inquiry, such an entry is justifiable." State v. Garcia, 374 So.2d 601, 603 (Fla.3d DCA 1979). In Webster v. State, 201 So.2d 789 (Fla.4th DCA 1967) this Court discussed and applied the general rule that in emergency situations the police may lawfully enter upon private property without first obtaining a warrant.
Officer Van Wagner's observation of the open doors, in light of the recent burglary of the adjacent premises, furnished probable cause to support entry and search of the premises. The possibility that the burglary was in progress and the thief within the premises constituted sufficient exigent circumstances to excuse the requirement of a search warrant.
We therefore conclude that the police had authority to enter appellant's buildings. That being so, there is no cause of action for that entry.
Being lawfully on the premises, the police had the further right to observe items in plain view and to take appropriate action. Webster v. State, supra. They did so and learned that the items were in fact the property of appellant. There is no impropriety involved here. (We note that disposition of the reptiles is not involved in this appeal).
The sole issue remaining is whether a jury question is presented. The facts of the entry and search are basically undisputed. The questions to be determined were the sufficiency of the facts to constitute exigent circumstances and the existence of probable cause. These are legal questions, appropriately determined by the trial court. City of Pensacola v. Owens, 369 So.2d 328 (Fla. 1979).
The determination of the trial court comes to us clothed in a presumption of correctness. Gellman v. State, 371 So.2d 181 (Fla.1st DCA 1979). No error of law has been demonstrated.
We therefore affirm the final judgment.
AFFIRMED.
ANSTEAD and GLICKSTEIN, JJ., concur.