654 So.2d 944 (1995)
STATE FARM FIRE & CASUALTY CO., a foreign insurer, Appellant,
v.
COMPUPAY, INC., a Florida corporation, Appellee.
No. 93-2009.
District Court of Appeal of Florida, Third District.
March 15, 1995.
Rehearing Denied June 7, 1995.
*945 Russo & Talisman and Elizabeth Russo, Coconut Grove, for appellant.
Brenton N. VerPloeg, Gallwey, Gillman, Curtis, Vento & Horn, and Karen H. Curtis, Miami, for appellee.
Before HUBBART, BASKIN and LEVY, JJ.
BASKIN, Judge.
State Farm Fire & Casualty Company [State Farm] appeals a final summary judgment finding that it had a duty to defend its insured, Compupay, Inc. [Compupay], a defendant in an employee's sexual harassment and sexual discrimination suit. We reverse.
Taymy Ode, a former Compupay employee, sued Compupay, and Larry Wank, Compupay's officer and Tampa branch manager, for damages stemming from Wank's sexual harassment and sexual discrimination of Ode, from Compupay's failure to investigate Ode's allegations against Wank and to take corrective action, and from Compupay's negligent retention of Wank. State Farm denied coverage and did not provide Compupay with a defense. Compupay settled the lawsuit with Ode.[1]
Thereafter, Compupay sued State Farm, its business liability insurance carrier, alleging that State Farm breached its duty to defend Compupay. Compupay asserted that State Farm's policy provided coverage for the loss under the personal injury provisions and under the bodily injury provisions. Both parties filed motions for summary judgment. The trial court granted final summary judgment in Compupay's favor.
The issues in this case are: 1) Whether the business liability policy provides coverage to Compupay for damages under the bodily injury or personal injury provisions; and 2) Whether public policy bars Compupay from recovering insurance proceeds to compensate it for losses incurred in an employee's sexual harassment/sexual discrimination claim. Our disposition of the case makes it unnecessary to reach State Farm's public policy argument.

I. Duty To Defend

Whether State Farm had a duty to defend Compupay is resolved by examining the "allegations of the complaint against the insured, not by the actual facts, nor the insured's version of the facts or the insured's defenses. There is no obligation on an insurer to defend an action against its insured when the pleading in question shows the applicability of a policy exclusion." Reliance Ins. Co. v. Royal Motorcar, 534 So.2d 922, 923 (Fla. 4th DCA 1988) (citations omitted), review denied, 544 So.2d 200 (Fla. 1989). If the facts alleged show any basis for liability *946 falling within policy coverage, the insurer must defend the suit. Baron Oil Co. v. Nationwide Mut. Fire Ins. Co., 470 So.2d 810 (Fla. 1st DCA 1985). However,
[a] liability insurance company has no duty to defend a suit where the complaint upon its face alleges a state of facts which fails to bring the case within the coverage of the policy. Consequently, the company is not required to defend if it would not be bound to indemnify the insured even though the plaintiff should prevail in his action.
National Union Fire Ins. Co. v. Lenox Liquors, Inc., 358 So.2d 533, 535 (Fla. 1977). Ode's complaint, in pertinent part, is appended to this opinion. In light of the factual allegations therein, we must determine whether there is any possibility that State Farm's policy covers Compupay for the losses it suffered in the sexual harassment and sexual discrimination action.

II. Availability of Coverage

A. Bodily Injury Coverage.

Compupay argues that Ode's factual allegations place the case within the policy's bodily injury coverage. State Farm maintains that the exclusion from coverage of on-the-job injuries applies in this case; and, that the acts of sexual harassment were intentional, not accidental. Because the acts were not "occurrences," the policy does not afford coverage. Here, the business liability policy[2] provides coverage for damages incurred as a result of "bodily injury, ... caused by an occurrence to which this policy applies." The policy defines "occurrence" as "an accident ... neither expected nor intended from the standpoint of the insured" and excludes coverage for "bodily injury to any employee of the insured arising out of and in the course of their employment... ." In analyzing the policy provisions, we give the terms of the contract their everyday meaning and read them in light of the skill and experience of an ordinary person. Lindheimer v. St. Paul Fire & Marine Ins. Co., 643 So.2d 636 (Fla. 3d DCA 1994) (on rehearing en banc). If the terms are clear and unambiguous, we need not resort to rules of construction to interpret the policy provisions. Old Dominion Ins. Co. v. Elysee, Inc., 601 So.2d 1243, 1245 (Fla. 1st DCA 1992).
The acts alleged in Ode's complaint do not fall within the policy's definition of an occurrence. Ode's complaint alleges that Wank's acts were specifically and intentionally directed towards her person. This court, upon interpreting an insurance policy defining "occurrence" as an accident, and excluding coverage for injury "expected or intended from the standpoint of the insured," has held that "the law is well-settled that there can be no coverage under an insurance policy which insures against an `accident' where `the [insured's] [sic] wrongful act complained of is *947 intentionally directed specifically toward the person injured by such act... .'" Hartford Fire Ins. Co. v. Spreen, 343 So.2d 649, 651 (Fla. 3d DCA 1977). Under this interpretation, acts of sexual harassment and discrimination, which are directed towards the injured person, are intentional acts. As such, Wank's acts fall outside of the definition of "occurrence" and no insurance coverage lies.
Compupay disingenuously argues that Ode's allegations constitute an accident because Compupay was not expecting them to occur. Ode's complaint alleges that Compupay was aware of Wank's past sexual discrimination and harassment practices, and asserts that Compupay ignored Ode's protests and complaints about Wank's behavior. Consequently, Wank's continuing pattern of sexual harassment and discrimination of employee Ode were predictable and should have been within Compupay's expectation. In determining the duty to defend, we may not consider the insured's view of the events, or its defenses. Reliance Ins. Co. Based on Ode's allegations, the events were not an accident, and not an "occurrence." No insurance coverage lies.
State Farm also argues that Wank's harassment and discrimination acts were not accidental because in sexual harassment cases, as in sexual abuse cases, the intent to harm the victim can be inferred. Landis v. Allstate Ins. Co., 516 So.2d 305 (Fla. 3d DCA 1987) (acts of child molestation clearly intentional and deliberate), aff'd 546 So.2d 1051, 1053 (Fla. 1989) ("To state that a child molester intends anything but harm and long-term emotional anguish to the child defies logic."). It can be reasoned that an act of discrimination or harassment, like an act of sexual abuse, has but one end: to harm the victim. Indeed several courts have concluded that sexual harassment is deemed an intentional act as a matter of law. Commercial Union Ins., Co. v. Sky, Inc., 810 F. Supp. 249, 253 (W.D.Ark. 1992) ("it strains the imagination to speculate how a pattern of sexual overtures and touching can be `accidental.'"), and cases cited therein; Sena v. Travelers Ins. Co., 801 F. Supp. 471 (D.N.M. 1992); Old Republic Ins. Co. v. Comprehensive Health Care Assoc., Inc., 786 F. Supp. 629 (N.D.Tex. 1992). Harassment and discrimination are neither negligent nor accidental; the perpetrator focuses on a chosen victim for the express purpose of carrying out the acts of harassment and discrimination. Thus, because we find that Wank's acts were intentional, and because Compupay was aware of Wank's history of sexual harassment activities, the definition of occurrence is not met and there can be no coverage under the bodily injury policy provisions.
In addition, Ode's factual allegations place the incidents squarely within the policy's "cross-employee" exclusion, which excludes from coverage "bodily injury to any employee of the insured arising out of and in the course of their employment by the insured... ." Florida courts have consistently given effect to unambiguous "cross-employee" policy exclusion clauses, such as the one in this case, and have barred recovery for injuries inflicted by a fellow employee. Liberty Mut. Ins. Co. v. Jones, 427 So.2d 1117 (Fla. 3d DCA 1983); McRae v. Snelling, 303 So.2d 670 (Fla. 4th DCA 1974); General Ins. Co. of America v. Reid, 216 So.2d 41 (Fla. 4th DCA 1968), cert. denied, 222 So.2d 752 (Fla. 1969).
The facts in Ode's complaint arose out of the course and scope of her employment. Ode's complaint states that Wank committed the acts "within the scope of his employment while Defendant Wank was on duty and during working hours in the service of Defendant Compupay." The policy language clearly and unambiguously excludes from insurance coverage an injury to an employee caused by another employee in the course of employment.[3]Reid.
Because the allegations in the complaint demonstrate that the cross-employee exclusion *948 bars coverage in this case, State Farm had no duty to defend Compupay.

B. Personal Injury Coverage.

Compupay also urges that coverage lies under the policy's personal injury clause. Personal injuries arising out of certain enumerated offenses are covered by the policy. The clause allows coverage for "the publication or utterance of a libel or slander or of other defamatory or disparaging material, or a publication or utterance in violation of an individual's right of privacy... ." Compupay contends that coverage is available because the harassing and discriminatory remarks disparaged Ode or, alternatively, that Ode's allegations amount to an action for invasion of privacy. State Farm denies that coverage is available because the acts alleged do not state claims falling within the enumerated offenses: Ode's factual allegations do not state a libel, slander or disparagement claim, and do not allege publication or utterance in violation of the right to privacy. We address each argument in turn.

1. Disparaging Remarks

The policy covers, as a personal injury, claims arising from "the publication or utterance of a libel or slander or of other defamatory or disparaging material... ." Compupay does not assert that Ode made any claim for defamation. Compupay focuses on the word disparaging, and asserts that because sexual harassment disparages its victim, coverage exists under the policy. This argument fails because Ode has not alleged the publication or utterance of disparaging material.
There is a group of torts recognized under the collective title of injurious falsehoods which are interchangeably called slander of title, disparagement of goods, or trade libel. Collier County Pub. Co. v. Chapman, 318 So.2d 492 (Fla. 2d DCA 1975), cert. denied, 333 So.2d 462 (Fla. 1976); see Residential Communities of America v. Escondido Community Assn., 645 So.2d 149, 150 (Fla. 5th DCA 1994) (Griffin, J., dissenting). "Generally, the publication of any false and malicious statement which tends to disparage the quality, condition, or value of the property of another, and which causes him special injury or damage, is actionable." 50 Am.Jur.2d Libel & Slander § 542 (1970). "[I]t is essential to a cause of action that the alleged slanderous or disparaging statement be made or published to some third person." 50 Am.Jur.2d Libel & Slander § 545 (1970). The factual allegations in Ode's complaint do not assert any damage to property and make it clear that these causes of action do not apply to this case.
Even if we were to adopt Compupay's assertion that sexual harassment disparages its victims, Ode's allegations would not fall within the scope of policy coverage. Ode did not allege publication of the harassing or discriminatory remarks. A plain reading of the policy provision unambiguously demonstrates that being disparaged, without more, is insufficient to invoke coverage. The clause requires "the publication or utterance of... defamatory or disparaging material... ." (Emphasis added). The factual allegations in Ode's complaint do not invoke this clause. We decline to hold that the policy covers a situation when one is addressed in a manner that makes one feel disparaged. The clause's language is plain and clear.

2. Invasion of Privacy

"[T]he right of privacy was inherent in the common law and had been protected ... under the guise of property rights... ." Cason v. Baskin, 155 Fla. 198, 20 So.2d 243, 248 (1944). Florida recognizes a cause of action for invasion of privacy. Stoddard v. Wohlfahrt, 573 So.2d 1060 (Fla. 5th DCA 1991). "The right of privacy is defined as the right of an individual to be let alone and to live a life free from unwarranted publicity[,]" Harms v. Miami Daily News, Inc., 127 So.2d 715, 717 (Fla. 3d DCA 1961); it is "the right to be let alone, the right to live in a community without being held up to public gaze if you don't want to be held up to public gaze." Cason, 20 So.2d at 248. In recognizing the tort, the Cason court defined an actionable invasion of the right of privacy as: "The unwarranted appropriation or exploitation of one's personality, the publicizing of one's private affairs with which the public has no legitimate concern, or the wrongful *949 intrusion into one's private activities, in such manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities." Cason, 20 So.2d at 249 (Fla. 1944). Claims based on this tort require the allegation and proof of publication to a third person of personal matter. Cason; Stoddard.
Recently, an exception has been created in cases where the plaintiff's person has been touched in an undesired or offensive manner. Stoddard; Stockett v. Tolin, 791 F. Supp. 1536 (S.D.Fla. 1992) (employee prevails on invasion of privacy claim against employer who groped and fondled her). Compare Ponton v. Scarfone, 468 So.2d 1009 (Fla. 2d DCA) (employer's utterances designed to induce employee into sexual liaison are insufficient to come within zone of conduct constituting unlawful invasion of employees right of privacy), review denied, 478 So.2d 54 (Fla. 1985); Steele v. Offshore Shipbuilding, Inc., 867 F.2d 1311 (11th Cir.1989) (employee's invasion of privacy action against employer fails because employee did not prove publication of suggestive comments, no physical invasion of employee was alleged). Compupay relies on this line of cases to urge that Ode's allegations of offensive and undesired touching state a cause of action for invasion of privacy, bringing the claim within coverage under the personal injury clause. The argument fails because it ignores the clear and unambiguous language in the personal injury clause.
The clause clearly states that coverage is available for "a publication or utterance in violation of an individual's right to privacy... ." (Emphasis added). The clause does not cover causes of action under the broader umbrella of invasion of privacy torts. Thus, the policy covers actions within the traditional invasion of privacy tort: a publication of personal matter. It does not include coverage for a physical invasion of the complainant's person unaccompanied by the other elements of the cause of action. Moreover, such a holding is inconsistent with a plain reading of the remainder of the clause which provides coverage for libelous and slanderous publications. Once again, in determining the issue of coverage, we note that we may consider only the facts alleged in the complaint as viewed against the policy provisions. We may not ratify the insured's version of the facts, or the theory of plaintiff's case. Ode's complaint lacks any factual allegations of publication which would bring the claim within this provision.
Based on the foregoing reasoning, we hold that State Farm had no duty to defend Compupay, as Ode's complaint contained no facts bringing the case within the purview of policy coverage, and, in fact, brought it within a policy exclusion. Accordingly, State Farm had no duty to defend. The summary judgment in Compupay's favor cannot stand. We reverse the summary judgment and remand for entry of summary judgment in State Farm's favor.
Reversed and remanded.

APPENDIX
Ode v. Wank, No. 91-286-CIV-T-98A (M.D.Fla. 1991).

... .

COUNT I
... .
12. This is an action for discrimination because of sex (female), based upon Defendant Wank's unlawful conditioning of the terms and conditions of Plaintiff's employment upon her sex.
13. Subsequent to Plaintiff's employment ... Plaintiff was subjected to unwelcome sexual harassment in the form of sexual advances and requests for sexual favors.
... .
15. Defendant Compupay was aware of Defendant Wank's propensity toward discrimination because of sex and had actual knowledge of his discrimination against Plaintiff... .
... .

COUNT II
... .
18... . Plaintiff was subjected to unwelcome sexual harassment because of her sex by Defendant Wank.
... .
*950 20. Defendant Compupay had both actual and constructive notice of Defendant Wank's discriminatory conduct towards Plaintiff during her employment... . Defendant Compupay took no corrective action to address and remedy the complained of sexual discrimination and harassment.
... .

COUNT III
... .
23. Defendant Wank subjected Plaintiff to unsolicited and offensive physical contact. This offensive conduct consisted of unsolicited and offensive touching and kissing.
24. The acts committed by Defendant Wank as described herein were committed within the scope of his employment while Defendant Wank was on duty and during working hours in the service of Defendant Compupay.
25. The unsolicited physical contact was of a sexual impulse and nature and was designed to intimidate and invaded the physical privacy of Plaintiff's body.
... .

COUNT IV
... .
28. Defendant Compupay was aware, prior to the employment of Plaintiff, that Defendant Wank had discriminated against female employees because of sex.
29... . Defendant Compupay was aware of and had actual and constructive knowledge of Defendant Wank's sexual attraction to and obsession with Plaintiff.
30. Despite Defendant Compupay's actual and constructive notice of Defendant Wank's unfitness as an agent, especially a manager, Defendant Compupay failed to take remedial action.
31. Despite Defendant Compupay's knowledge of Defendant Wank's [behavior] ... Defendant Compupay ... took no action to remedy his discrimination against Plaintiff... .
32. Defendant Wank's actions against Plaintiff were willful and wanton sex-based discrimination and constituted foreseeable injury to Plaintiff which Defendant Compupay did not act to prevent... .
NOTES
[1] Compupay has paid Ode an agreed settlement. Ode is not a party to this appeal.
[2] The Business Liability policy provides, in pertinent part, as follows:

SECTION II COMPREHENSIVE BUSINESS LIABILITY __________ COVERAGE L  BUSINESS LIABILITY
The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, property damage or personal injury caused by an occurrence to which this insurance applies.
... .
BUSINESS LIABILITY EXCLUSIONS
Under Coverage L, this policy does not apply:
... .
9. to bodily injury to any employee of the insured arising out of and in the course of their employment by the insured... .
... .
SECTION II
DEFINITIONS
... .
2. bodily injury means bodily injury, sickness or disease sustained by any person... .
... .
11. occurrence means an accident, ... which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured and with respect to personal injury, the commission of an offense, or a series of similar or related offenses... .
... .
12. personal injury means injury which arises out of one or more of the following offenses committed in the conduct of the named insured's business:
... .
b. the publication or utterance of a libel or slander or of other defamatory or disparaging material, or a publication or utterance in violation of an individual's right of privacy... .
[3] In Byrd v. Richardson-Greenshields Securities, Inc., 552 So.2d 1099 (Fla. 1989), the Florida Supreme Court held that workers' compensation was not the sole remedy available to an employee who was a victim of sexual harassment. We can infer from this holding that because workers' compensation is an available remedy, the incident of harassment is deemed to arise out of the course and scope of employment. See § 440.09(1), Fla. Stat. (1993) (workers' compensation payable if injury arises out of and in the course of employment).