ANTOON, Judge.
The Muscato Corporation (Muscato) appeals the trial court’s final summary judgment entered in favor of Hartford Insurance Company of the Southeast and Hartford Casualty Insurance Company (Hartford). The trial court determined that, under the terms of two commercial general liability policies purchased by Muscato, Hartford did not have a duty to defend or indemnify Muscato against third party claims of intentional conversion of personal property or fraudulent inducement. We affirm.
Muscato hired Joseph Orlando to be a vice president of marketing but terminated his employment after only six months. Following his termination, Orlando sued Muscato for damages alleging, in part, conversion of personal property and fraudulent inducement. Muscato in turn filed a third-party complaint against Hartford alleging that Hartford had a duty to defend and indemnify Muscato against Orlando’s claims.
Hartford’s policies insured Muscato against bodily injury and property damage if “[t]he ‘bodily injury' or ‘property damage’ is caused by an ‘occurrence’ ...” which was defined as “an accident, including continuous or repeated exposure to substantially the same general harmful conditions.” The policies excluded coverage for bodily injury or property damage that was “expected or intended from the standpoint of the insured.” Thus, under the terms of these policies, Hartford would not be required to defend or indemnify Muscato if Orlando’s claims were based on intentional acts or intentional injuries. See State Farm Fire & Cas. Co. v. Compupay, Inc., 654 So.2d 944, 946-47 (Fla. 3d DCA), rev. denied, 662 So.2d 341 (Fla.1995) (intentional acts are not “occurrences”); see also Spengler v. State Farm Fire & Cas. Co., 568 So.2d 1293, 1296 (Fla. 1st DCA 1990), rev. denied, 577 So.2d 1328 (Fla.1991) (intentional injury is not covered under a negligence-based policy).
Orlando’s complaint first alleged a claim of conversion, averring that, after terminating Orlando’s employment, Muscato “converted to its own use ...” a stereo, a rug, business files, and a fish tank that Orlando kept in his office. Orlando’s second claim was that Mus-cato had fraudulently induced him to leave his employment in Massachusetts by promising him a salary, benefits, and relocation expenses without possessing any intention of fulfilling such promises. We affirm the trial court’s ruling that Hartford was not required to defend or indemnify Muscato against Orlando’s claims because the alleged intentional actions were not covered under the terms of the policies.
AFFIRMED.
GRIFFIN, C.J., and GOSHORN, J., concur.