[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 14, 2003
THOMAS K. KAHN
CLERK**

No. 99-10983

D. C. Docket No. 96-08268-CV-WDF

ALLSTATE INSURANCE COMPANY,
ALLSTATE INDEMNITY COMPANY,

Plaintiffs-Appellees-Cross-Appellants,

versus

VICTOR GINSBERG, ELAINE A. SCARFO,

Defendants-Appellants-Cross-Appellees.

Appeals from the United States District Court
for the Southern District of Florida

**(November 14, 2003)**

Before ANDERSON and DUBINA, Circuit Judges.[1]

---

[1] Judge Edward S. Smith, Circuit Judge for the United States Court of Appeals for the Federal Circuit, sitting by designation participated in our original decision certifying questions to the Florida Supreme Court. Judge Smith, however, did not participate in this decision due to his death after our certification to the Florida Supreme Court. We decide this case by quorum. 28 U.S.C. § 46(d).

PER CURIAM:

This appeal involves a declaratory judgment action brought by Allstate Insurance Company and Allstate Indemnity Company asking the district court to declare whether it had a duty to defend its insured, Victor Ginsburg, in Elaine A. Scarfo's state court invasion of privacy action against him. On cross motions for summary judgment, the district court issued an order granting summary judgment in favor of Allstate. The district court concluded that Scarfo's allegations of unwelcome conduct did not state a cause of action for invasion of privacy under the relevant category of that tort identified by the Supreme Court of Florida as "intrusion - physically or electronically intruding into one's private quarters." *Agency for Health Care Admin. v. Assoc. Indus. of Florida, Inc.*, 678 So.2d 1239, 1252 n. 20 (Fla. 1996).

Because the Supreme Court of Florida had never directly considered whether intrusion into "one's private quarters" included unwelcome conduct directed to one's physical person, the district court looked to the Florida intermediate courts for guidance and noted that the intermediate courts appeared divided on that question. The district court concluded that the approach taken by Florida's Fourth District Court of Appeal was more in accord with the category of intrusion identified by the Supreme Court of Florida. Thus, based on the Fourth

2

District Court of Appeal's rationale in *Guin v. City of Riviera Beach*, 388 So.2d 604 (Fla. Dist. Ct. App. 1980), the district court concluded that the invasion of privacy tort could not be "construed so broadly as to include a battery occurring in the workplace absent an intrusion into a place where the victim has a reasonable expectation of privacy." [Dist. Ct. Order at 8]. Consequently, the district court found that Allstate had no duty to defend and granted summary judgment in favor of Allstate. The parties then perfected their appeals.

Because the appeal of this declaratory judgment action presented unsettled questions of state law for which there was no definitive Supreme Court of Florida precedent, we certified the following questions of law to the Supreme Court of Florida:

(1) Do pleadings of unwelcome conduct including touching in a sexual manner and sexually offensive comments state a cause of action for the Florida common law tort law claim of invasion of privacy?

(2) Do allegations of intentional unwelcome conduct including touching in a sexual manner and sexually offensive comments constitute an "occurrence" under Florida law for purposes of insurance coverage?

(3) Do pleadings of unwelcome conduct including touching in a sexual manner and sexually offensive conduct fall within the business exception to

3

coverage when the alleged conduct occurred in the workplace in the context of an employer-employee relationship but did not pertain to the purpose of the business?

(4) Are allegations of intentional invasions of privacy excluded from coverage by an intentional acts exception when the policy expressly provides coverage for invasions of privacy?

The Supreme Court of Florida has answered the first question in the negative. The court then declined to answer the remaining three certified questions because the court concluded that its answer to the first certified question rendered the remaining questions moot. See *Allstate Ins. Co., et al. v. Ginsberg, et al.*, ___ So.2d ___, No. SC 00-2614 (Fla. Sept. 18, 2003).

In light of the Supreme Court of Florida's opinion, attached hereto as an appendix, we affirm the district court's order granting summary judgment in favor of Allstate.

**AFFIRMED.**