PER CURIAM:
This appeal involves a declaratory judgment action brought by Allstate Insurance Company and Allstate Indemnity Company asking the district court to declare whether they had a duty to defend their insured, Victor Ginsburg, in Elaine A. Scarfo’s state court invasion of privacy action against him. On cross motions for summary judgment, the district court issued an order granting summary judgment in favor of Allstate. The district court concluded that Scarfo’s allegations of unwelcome conduct did not state a cause of action for invasion of privacy under the relevant category of that tort identified by the Supreme Court of Florida as “intrusion — physically or electronically intruding into one’s private quarters.” Agency for Health Care Admin, v. Assoc. Indus. of Florida, Inc., 678 So.2d 1289, 1252 n. 20 (Fla.1996).
Because the Supreme Court of Florida had never directly considered whether intrusion into “one’s private quarters” included unwelcome conduct directed to one’s physical person, the district court looked to the Florida intermediate courts for guidance and noted that the intermediate courts appeared divided on that question. The district court concluded that the approach taken by Florida’s Fourth District Court of Appeal was more in accord with the category of intrusion identified by the Supreme Court of Florida. Thus, based on the Fourth District Court of Appeal’s rationale in Guin v. City of Riviera Beach, 388 So.2d 604 (Fla.Dist.Ct.App.1980), the district court concluded that the invasion of privacy tort could not be “construed so broadly as to include a battery occurring in the workplace absent an intrusion into a place where the victim has a reasonable expectation of privacy.” [Dist. Ct. Order at 8]. Consequently, the district court found that Allstate had no duty to defend and granted summary judgment in favor of Allstate. The parties then perfected their appeals.
Because the appeal of this declaratory judgment action presented unsettled questions of state law for which there was no definitive Supreme Court of Florida precedent, we certified the following questions of law to the Supreme Court of Florida:
(1) Do pleadings of unwelcome conduct including touching in a sexual manner and sexually offensive comments state a cause of action for the Florida common law tort law claim of invasion of privacy?
(2) Do allegations of intentional unwelcome conduct including touching in a sexual manner and sexually offensive comments constitute an “occurrence” under Florida law for purposes of insurance coverage?
(3) Do pleadings of unwelcome conduct including touching in a sexual manner and *475 sexually offensive conduct fall within the business exception to coverage when the alleged conduct occurred in the workplace in the context of an employer-employee relationship but did not pertain to the purpose of the business?
(4) Are allegations of intentional invasions of privacy excluded from coverage by an intentional acts exception when the policy expressly provides coverage for invasions of privacy?
The Supreme Court of Florida has answered the first question in the negative. The court then declined to answer the remaining three certified questions because the court concluded that its answer to the first certified question rendered the remaining questions moot. See Allstate Ins. Co. v. Ginsberg, — So.2d -, No. SC 00-2614, 2003 WL 22145227 (Fla. Sept. 18, 2003).
In light of the Supreme Court of Florida’s opinion, attached hereto as an appendix, we affirm the district court’s order granting summary judgment in favor of Allstate.
AFFIRMED.
APPENDIX
Allstate Insurance Company and Allstate Indemnity Company, Appellants,
v.
Victor Ginsberg and Elaine A. Scarfo, Appellees.
No. SCOO-2614.
Supreme Court of Florida.
Sept. 18, 2003.
PER CURIAM:
We have for consideration several issues of Florida law certified by the Eleventh Circuit Court of Appeals that are asserted to be determinative of a cause pending in that court and for which there appears to be no controlling precedent. We have jurisdiction. See art. V, § 3(b)(6), Fla. Const.
This case involves a declaratory decree action, which is proceeding in the federal court. The underlying tort action is proceeding in the state courts of Florida. In Allstate Co. v. Ginsberg, 235 F.3d 1331, 1333 (11th Cir.2000), the Eleventh Circuit reviewed a summary judgment holding that appellants Allstate Insurance Company and Allstate Indemnity Company (Allstate) had no duty to defend a state court complaint against its insured, appellee Victor Ginsberg, for invasion of privacy because the complaint failed to state a privacy claim. In its opinion, the Eleventh Circuit summarized the litigation history of this case:
From November 1991 until September 1992, Elaine A. Scarfo was employed as a secretary for various Florida corporations owned by Victor Ginsberg. Prior to that time, from approximately November 1987 until November 1991, Scarfo worked for her husband without pay at Ginsberg’s corporation. On September 18, 1992, Scarfo was terminated. In 1993, Scarfo filed a federal civil rights action against Ginsberg in the United States District Court for the Southern District of Florida, alleging that from approximately 1988 and throughout her employment, Ginsberg subjected her to unwelcome offensive conduct, including physical touching and comments of a sexual nature. In addition, Scarfo’s complaint included common law tort claims for battery, intentional infliction of emotional distress, and invasion of privacy.
During the time of the actions alleged by Scarfo, Ginsberg was covered under a Personal Umbrella Policy issued by *476 Allstate, which applies to an “occurrence” anywhere in the world while the insurance is in force. In 1995, Ginsberg tendered the defense of the action to Allstate, demanding that Allstate indemnify him for any potential liability.
Allstate, in providing a defense to the actions under a reservation of rights, filed a declaratory judgment action seeking a determination whether Allstate’s policies cover the claims alleged by Scar-fo against Ginsberg. In 1997, the district court dismissed Scarfo’s federal civil rights action on jurisdictional grounds, and dismissed Scarfo’s state law claims without prejudice. The Eleventh Circuit affirmed the dismissal in Scarfo v. Ginsberg, 175 F.3d 957 (11th Cir.1999). Scarfo re-filed her claims against Ginsberg in the state court as common law torts.
The Personal Umbrella Policy in this case provides as follows:
Coverage — When we Pay Allstate will pay when an insured becomes legally obligated to pay for personal injury or property damage caused by an occurrence.
The policy defines “Personal Injury” as follows:
(a) bodily injury, sickness, disease or death of any person. Bodily injury includes disability, shock, mental anguish and mental injury.
(b) false arrest; false imprisonment; wrongful detention; wrongful entry; invasion of rights; invasion of occupancy; or malicious prosecution;
(c) libel, slander, misrepresentation; humiliation; defamation of character; invasion of rights of privacy; and
(d) discrimination and violation of civil rights, where recovery is permitted by law. Fines and penalties imposed by law are not included.
(Emphasis added.)
The parties filed cross motions for summary judgment, raising the question whether Scarfo properly alleged an invasion of privacy, thereby triggering Allstate’s duty to defend. On April 21, 1999, the district court issued an order granting summary judgment in favor of Allstate. The district court concluded that Scarfo’s allegations of unwelcome conduct did not state a cause of action for invasion of privacy under the relevant category of that tort identified by the Supreme Court of Florida as “intrusion — physically or electronically intruding into one’s private quarters.” Agency for Health Care Admin, v. Assoc. Indus. of Florida, Inc., 678 So.2d 1239, 1252 (Fla.1996), cert. denied, 520 U.S. 1115, 117 S.Ct. 1245, 137 L.Ed.2d 327 (1997).
Because the Supreme Court of Florida had never directly considered whether intrusion into “one’s private quarters” included unwelcome conduct directed to one’s physical person, the district court looked to the Florida intermediate courts for guidance and noted that the intermediate courts appeared divided on that question. The district court concluded that the approach taken by Florida’s Fourth District Court of Appeal was more in accord with the category of intrusion identified by the Supreme Court of Florida. Thus, based on the Fourth District’s rationale in Guin v. City of Riviera Beach, 388 So.2d 604 (Fla. 4th DCA 1980), the district court concluded that the invasion of privacy tort could not be “construed so broadly as to include a battery occurring in the workplace absent an intrusion into a place where the victim has a reasonable expectation of privacy.” The district *477 court held that Allstate had no duty to defend, and granted summary judgment in favor of Allstate. This appeal and cross-appeal followed.
Id. at 1333-34 (footnote omitted).
In view of this Court not having ruled on the precise issue framed by the Eleventh Circuit, the Eleventh Circuit certified four questions to this Court. The questions certified are:
[1] DO PLEADINGS OF UNWELCOME CONDUCT INCLUDING TOUCHING IN A SEXUAL MANNER AND SEXUALLY OFFENSIVE COMMENTS STATE A CAUSE OF ACTION FOR THE FLORIDA COMMON LAW TORT CLAIM OF INVASION OF PRIVACY?
[2] DO ALLEGATIONS OF INTENTIONAL UNWELCOME CONDUCT INCLUDING TOUCHING IN A SEXUAL MANNER AND SEXUALLY OFFENSIVE COMMENTS CONSTITUTE AN “OCCURRENCE” UNDER FLORIDA LAW FOR PURPOSES OF INSURANCE COVERAGE?
[3] DO PLEADINGS OF UNWELCOME CONDUCT INCLUDING TOUCHING IN A SEXUAL MANNER AND SEXUALLY OFFENSIVE CONDUCT FALL WITHIN THE BUSINESS EXCEPTION TO COVERAGE WHEN THE ALLEGED CONDUCT OCCURRED IN THE WORKPLACE IN THE CONTEXT OF AN EMPLOYER-EMPLOYEE RELATIONSHIP BUT DID NOT PERTAIN TO THE PURPOSE OF THE BUSINESS?
[4] ARE ALLEGATIONS OF INTENTIONAL INVASIONS OF PRIVACY EXCLUDED FROM COVERAGE BY AN INTENTIONAL ACTS EXCEPTION WHEN THE POLICY EXPRESSLY PROVIDES COVERAGE FOR INVASIONS OF PRIVACY?
Id. at 1337-38.[1] We assume for the purpose of answering the certified questions that the pleadings to which the first certified question refers are the allegations set forth in the complaint of appellee Elaine A. Scarfo:
6. On or about November 1991, Plaintiff began her employment with the corporate Defendants as a secretary and was employed in that position until her discharge on September 18,1992.
7. From approximately 1988 and throughout her employment with the corporate Defendants which ended in September 1992, Plaintiff was subjected to ongoing and pervasive, sexually offensive, unwelcome conduct by Defendant GINSBERG, who was Plaintiffs direct supervisor. These actions included the unwelcome touching of her body and being subjected to unwelcome sexually oriented comments and actions during and after working hours on an ongoing and repeated basis.
8. On repeated objections, Defendant GINSBERG physically touched Plaintiff in a sexually offensive and unwelcome manner, including kissing her, rubbing her shoulders and her back and touching her breasts, and forcing her to touch his penis.
*478 9. Plaintiff repeatedly indicated to Defendant GINSBERG that such remarks and touching were not welcomed by her.
CLAIMS FOR RELIEF
C. THIRD CLAIM FOR RELIEF-INVASION OF PRIVACY
24. Defendant GINSBERG, individually and in his capacity as President and Director of corporate Defendants and related corporations, invaded Plaintiffs privacy by intruding into Plaintiffs solitude in an offensive and objectionable manner which would cause mental distress and injury to a reasonable person having ordinary dealings and sensibilities.
25. As a direct and proximate cause of Defendant GINSBERG’s actions, Plaintiff was injured and suffered great damages to both her physical and mental well-being.
We conclude that these pleadings do not state a cause of action for the common law tort claim of invasion of privacy under Florida law. In view of this conclusion, we decline to answer the remaining questions because those questions assume that the pleadings do state a cause of action under Florida law for invasion of privacy.
ANALYSIS
In Cason v. Baskin, 155 Fla. 198, 20 So.2d 243 (1944), this Court first recognized the tort of invasion of privacy as a distinct cause of action in Florida. In that case, the plaintiff, a private person who claimed that publicity was extremely distasteful to her, brought an invasion of privacy claim against a well-known author, Marjorie Kinnan Baskin (also known as Marjorie Kinnan Rawlings), who had published a book which contained a biographical sketch of the plaintiff. The plaintiff alleged that the book personally violated her right to privacy by exposing private facts about her to the public. Cason, 20 So.2d at 245. This Court adopted the then recent reasoning of two legal scholars that allegations that the book published an intimate character sketch of the plaintiff could constitute a prima facie case of invasion of the plaintiffs right to privacy. Id. at 247. In so holding, this Court discussed invasion of privacy as a distinct and actionable tort.
[T]he right of privacy was inherent in the common law and had been protected, as shown by a number of English cases, under the guise of property rights, etc., and ... the time had come for a recognition of this right of privacy as an independent right of the individual. El-dredge in his very interesting and recent book on “Modern Tort Problems,” at page 77, says that Warren and Brandéis defined the right to privacy, in substance, to be “the right to be let alone, the right to live in a community without being held up to the public gaze if you don’t want to be held up to the public gaze.” [Samuel D. Warren and Louis D. Brandéis, The Right to Privacy, 4 Harv. L. Rev. 193 (1890)].
Id. at 248 (emphasis added). This Court noted that, at that time, relatively few states had considered the existence of the right to privacy. This Court nevertheless concluded that there was in fact a right to privacy in Florida, “distinct in and of itself and not merely incidental to some other recognized right, and for breach of which an action for damages will lie.” Id. at 250. Plainly, the focus of the tort was the hold *479 ing up of information about a person for “public gaze.”
In 1980, the Fourth District Court of Appeal decided Guin v. City of Riviera Beach, 388 So.2d 604 (Fla. 4th DCA 1980).[2] In its opinion, the district court commented upon the tort of invasion of privacy as it had been recognized in Florida law:
The tort of invasion of privacy is ordinarily considered to encompass four categories, one of which consists of “intrusion upon the plaintiffs physical solitude or seclusion, as by invading his home....” W. Prosser, Torts § 117, P. 807 (4th ed.1971). Florida has recognized the tort of invasion of privacy, at least to this limited extent. Thompson v. City of Jacksonville, 130 So.2d 105 (Fla. 1st DCA 1961).
Id. at 606.
Following Guin, in Loft v. Fuller, 408 So.2d 619 (Fla. 4th DCA 1981), the Fourth District Court of Appeal further explained the development of invasion of privacy since this Court’s decision in Cason.
Since [Cason,] Florida decisions have filled out the contours of this tort right to privacy by accepting the following four general categories recognized by Prosser in his Law of Torts, p. 804-14 (4th Ed.1971):(l) Intrusion, i.e., invading plaintiffs’ physical solitude or seclusion; (2) Public Disclosure of Private Facts; (3) False Light in the Public Eye, i.e., a privacy theory analogous to the law of defamation; and (4) Appropriation, i.e., commercial exploitation of the property value of one’s name.
Loft, 408 So.2d at 622.[3]
In 1985, the Second District Court of Appeal in Ponton v. Scarfone, 468 So.2d 1009, 1010 (Fla. 2d DCA), review denied, 478 So.2d 54 (Fla.1985), rejected a claim that an employer’s “utterances, designed to induce [the plaintiff] to join with him in a sexual liaison, constituted a tortious incursion upon her privacy.” The district court held that the alleged conduct was not conduct which the tort of invasion of privacy was designed to cover.
In 1985, the First District Court of Appeal decided Hennagan v. Department of Highway Safety & Motor Vehicles, 467 So.2d 748 (Fla. 1st DCA 1985). The appel-lees contend that this is a case in which a Florida court recognized that the tort of invasion of privacy includes a physical intrusion to the plaintiffs body. It is correct that in Hennagan, count four of the complaint alleged an invasion of privacy based *480 on an unlawful touching, and that the district court remanded the case for further proceedings on that count. However, the district court’s opinion does not discuss whether the allegations in the complaint stated a cause of action for the common law tort of invasion of privacy. The focus of the district court’s opinion was whether the alleged acts could state a cause of action as being within the scope of the employment of the defendant’s employee who was alleged to have committed the acts.
In 1995, the Third District Court of Appeal decided State Farm, Fire & Casualty Co. v. Compupay, Inc., 654 So.2d 944 (Fla. 3d DCA 1995). The appellees also contend that this is a case in which a Florida court explicitly recognized that the tort of invasion of privacy includes a physical intrusion to the plaintiffs body. We again find that Compupay is not a decision directly addressing the issue of whether unwelcome conduct including touching in a sexual manner and sexually offensive comments state a cause of action for the Florida common law tort claim of invasion of privacy. First, we note that in Compupay, the district court, basing its decision on the specific language of the insurance policy at issue in that case, found that the policy did not cover causes of action under the broad umbrella of invasion of privacy torts. Second, we do acknowledge that in a discussion of Florida’s common law tort of invasion of privacy, the district court made the following statements: “Claims based on this tort require the allegation and proof of publication to a third person of personal matter. Recently, an exception has been created in cases where the plaintiffs person has been touched in an undesired or offensive manner.” Id. at 949 (citations omitted). As authority for the stated exception, the district court cited to Stod-dard v. Wohlfahrt, 573 So.2d 1060 (Fla. 5th DCA 1991), and Stockett v. Tolin, 791 F.Supp. 1536 (S.D.Fla.1992). These cases, however, simply state that an unwarranted touching can be an invasion of privacy without any analysis or authority.
In 1996, this Court set forth what was included within the common law tort of invasion of privacy, adopting the four categories which had been set forth in 1980 by the Fourth District Court of Appeal’s decision in Loft. As recognized in Agency for Health Care Administration v. Associated Industries of Florida, Inc., 678 So.2d 1239, 1252 n. 20 (Fla.1996) (hereinafter AHCA), the four categories are:
(1) appropriation — the unauthorized use of a person’s name or likeness to obtain some benefit; (2) intrusion — physically or electronically intruding into one’s private quarters; (3) public disclosure of private facts — the dissemination of truthful private information which a reasonable person would find objectionable; and (4) false light in the public eye-publication of facts which place a person in a false light even though the facts themselves may not be defamatory.
It is correct, as the appellees argue, that this Court set out the categories of the tort of invasion of privacy for the purpose of illustrating a point, not to directly address the point of what alleged facts state a cause of action for the tort of invasion of privacy. But we here affirm that the statement in AHCA does correctly state what is included in Florida’s tort of invasion of privacy.
The appellees next contend that accepting the AHCA statement as what constitutes the tort of invasion of privacy (i.e., “(2) intrusion — physically or electronically intruding into one’s private quarters,” id.) is broad enough to include unwelcome conduct including touching in a sexual manner and sexually offensive comments. We dis *481 agree. The intrusion to which this refers is into a “place” in which there is a reasonable expectation of privacy and is not referring to a body part. As we noted at the time we first recognized this tort in Cason, the tort of invasion of privacy was not intended to be duplicative of some other tort. Rather, this is a tort in which the focus is the right of a private person to be free from public gaze. We agree with United States District Court Judge Ferguson’s determination in the summary judgment order in this case that the allegations of the complaint do not amount to an invasion of privacy.
CONCLUSION
Accordingly, we answer the Eleventh Circuit’s first certified question in the negative. We decline to answer the remaining three certified questions because we conclude that our answer to the first certified question renders these questions moot. We return this case to the Eleventh Circuit having only answered the first certified question.
It is so ordered.
WELLS and BELL, JJ, and SHAW, Senior Justice, concur.
ANSTEAD, C.J, concurs in part and dissents in part with an opinion, in which PARIENTE and QUINCE, JJ, concur.
LEWIS, J, concurs in part and dissents in part with an opinion.
NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

. The parties have informed us that the state court action, in which Scarfo is pursuing tort claims against Ginsberg, was dismissed as having been filed beyond the statutory limitations period. The Fourth District Court of Appeal, however, subsequently reversed the trial court's dismissal of the case, holding that the statute of limitations period to file the state law claims was tolled during the pen-dency of the federal action. Scarfo v. Ginsberg, 817 So.2d 919 (Fla. 4th DCA 2002). Scarfo was therefore permitted to pursue her state law claims in the trial court.

. This is a case upon which United States District Court Judge Ferguson relies in his summary judgment order in this case. Allstate Ins. Co. v. Ginsberg, No. 96-8268-CIV-FERGUSON (S.D. Fla. order filed Apr. 19, 1999).

. It is interesting that Professor Prosser's treatise noted that there had “been discussion of possible expansion at common law to include anything involving an 'affront to human dignity' — a concept sufficiently broad to include almost all personal torts, from assault and battery and false imprisonment through all insults, whether or not amounting to extreme outrage, defamation, and no doubt many others. Thus far, no such expansion has occurred ....'' William L. Prosser, The Law of Torts § 117, at 816 (4th ed.1971). We note here that, since Prosser’s treatise was published, at least one state has expanded the tort of invasion of privacy in the intrusion context to include a sexual harassment claim. See Phillips v. Smalley Maint, Servs., Inc., 435 So.2d 705, 711 (Ala.1983). Alabama’s definition of the tort of invasion of privacy as an intrusion was, however, initially created and defined differently than Florida's definition. Id. at 708 (indicating that Alabama adopted the definition of invasion of privacy set forth in Restatement of Torts § 867 (1939) and defined intrusion as “the wrongful intrusion into one's private activities in such manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities”).