ANSTEAD, Chief Justice,
concurring in part and dissenting in part:
This case comes to us from a declaratory decree action in the federal court in which the central issue involves Allstate’s duty to defend its insured, Victor Ginsberg, in Elaine Scarfo’s state court invasion of privacy action against him. Allstate’s policy explicitly provides coverage to Ginsberg for claims of “invasion of rights of privacy.” Hence, the initial coverage issue appears to turn on whether Scarfo’s allegations state a cause of action for invasion of privacy under Florida law.[4] I would hold that a cause of action has been properly alleged, and I concur only in the majority’s conclusion that the other questions posed appear to have been rendered moot by the majority’s decision to reject the cause of action alleged here.
INVASION OF PRIVACY
In this case the appellees assert that Scarfo’s state tort action states a cause of action for invasion of privacy because she alleges that Ginsberg physically intruded upon her “private quarters” by touching private parts of her body without her consent and over her repeated objections. In her complaint, Scarfo alleged:
8. On repeated occasions, Defendant GINSBERG physically touched Plaintiff in a sexually offensive and unwelcome manner, including kiss *482 ing her, rubbing her shoulders and her back and touching her breasts, and forcing her to touch his penis.
9. Plaintiff repeatedly indicated to Defendant GINSBERG that such remarks and touching were not welcomed by her.
I would find these allegations sufficient to state a cause of action for invasion of privacy in Florida.
In Cason v. Baskin, 155 Fla. 198, 20 So.2d 243 (1944), this Court first acknowledged invasion of privacy as an actionable common law tort in Florida. Since that time, we have identified at least four categories of invasion of privacy claims that have been discussed in the case law or by legal commentators. For example, in Agency for Health Care Administration v. Associated Industries of Florida, Inc., 678 So.2d 1239, 1252 n. 20 (Fla.1996), we explained:
The four types of wrongful conduct that can all be remedied with resort to an invasion of privacy action are: (1) appropriation — the unauthorized use of a person’s name or likeness to obtain some benefit; (2) intrusion-physically or electronically intruding into one’s private quarters; (3) public disclosure of private facts — the dissemination of truthful private information which a reasonable person would find objectionable; and (4) false light in the public eye — publication of facts which place a person in a false light even though the facts themselves may not be defamatory.
Although we provided a broad framework in Cason and Agency for Health Care Administration for certain categories of the tort of invasion of privacy, we made no attempt to definitively limit the potential situations that may give rise to a cause of action. Rather, we were simply providing some organizational structure to the various kinds of claims that had already been identified by the case law or other legal authorities.
The federal, trial court relied upon the case of Guin v. City of Riviera Beach, 388 So.2d 604 (Fla. 4th DCA 1980), in concluding that no invasion of privacy was properly alleged here. Allstate Ins. Co. v. Ginsberg, 235 F.3d 1331, 1334 (11th Cir.2000). However, that case is inapposite, since, in contrast to the allegations here, the Guin case involved trespass upon private property. In addition, the Fourth District in Guin affirmatively concluded that there was both a trespass and an invasion of privacy when the police illegally searched the appellant’s residence. Guin, 388 So.2d at 606. It makes little sense to rely on a holding affirmatively recognizing a cause of action under the circumstances presented as authority for the proposition that a cause of action does not exist in a totally different factual setting. If anything, the Guin case simply strengthens the concept of invasion of privacy in Florida. However, I would find the Guin case to be inap-posite and of little help in resolving the issue presented here.
On the other hand, in Vernon v. Medical Management Associates of Margate, Inc., 912 F.Supp. 1549, 1561 (S.D.Fla.1996), the district court held that the plaintiffs invasion of privacy claim, alleging “a pattern of persistent touching, squeezing, fondling, hugging, blowing and tickling, along with the repetition of lewd and vulgar sexual remarks” should have survived a motion to dismiss. In Vernon, the district court explained that an increasing number of courts have recognized that allegations of offensive and undesired touchings of a sexual nature state a cause of action for invasion of privacy:
In Stockett, for example, this Court held that “the repeated and offensive touching of the most private parts of Plain *483 tiffs body ... constitutes an intrusion into [the plaintiffs] physical solicitude” amounting to invasion of privacy under Florida law. 791 F.Supp. at 1556. See also State Farm Fire & Cas. Co. v. Compupay, Inc., 654 So.2d 944, 948 (Fla.3d Dist.Ct.App.) (noting that some Florida courts have recognized an actionable “intrusion” where the plaintiffs person has been touched in an undesired or offensive manner), rev. denied, 662 So.2d 341 (Fla.1995); cf. Hennagan v. Department of Hwy., Safety & Motor Vehicles, 467 So.2d 748, 750-51 (Fla. 1st Dist.Ct.App.1985) (reversing the trial court’s dismissal of an invasion of privacy claim based on an “unlawful touching” by a police officer who sexually assaulted a minor after stopping her on the pretext that she was under suspicion for theft). Florida courts also have acknowledged that, at least under some circumstances, even comments of a sexual nature made by an employer can be actionable on an invasion of privacy theory. See Steele, 867 F.2d at 1315 (noting that Florida law does not preclude an invasion of privacy action for sexually related comments when the comments are accompanied by publication to a large number of people); compare Ponton, 468 So.2d at 1010 (rejecting invasion of privacy claim where an employer’s verbal attempts to seduce the plaintiff lacked sufficient publication). Courts in other jurisdictions have agreed that allegations of sexual harassment involving touching or verbal abuse can form the basis for an invasion of privacy claim. See, e.g., Rogers v. Loews L’Enfant Plaza Hotel, 526 F.Supp. 523, 528 (D.D.C.1981) (finding that the plaintiff stated a claim for invasion of privacy by alleging that her supervisor had repeatedly called her at home and at work in order to make lewd comments about her sex life).
Id. See also Kelley v. Worley, 29 F.Supp.2d 1304, 1311 (M.D.Ala.1998) (holding that the plaintiffs invasion of privacy claim, alleging that defendant committed sexually harassing acts of physical contact at work, should have survived the defendant’s summary judgment motion). These cases, of course, are directly on point, and represent a good sense and straightforward analysis of the protection afforded to persons in recognizing a right of privacy, a right commonly referred to as a right to be left alone. Here, the alleged victim was obviously not “left alone” and her privacy was violated in the most personal and intimate way. In good sense terms resolution of the issue should not even be a close call.
I can see no rational basis for distinguishing, for instance, between a situation where a defendant is alleged to have secretly, and without consent, visually spied upon another person in a state of undress and in a private place, from the situation presented here where a person’s “private parts” are touched without permission and over objection. I feel confident that the former situation, unwanted spying, would constitute an invasion of privacy under our analysis in Cason, and can see no good policy reasons for not extending the same analysis to a physical intrusion of the most private parts of one’s person. Indeed, the intrusion of privacy and personal security would appear to be even greater and more offensive where physical intrusion takes place.
As with most common law torts, courts must be careful to allow for some evolution in the law as circumstances may dictate. Upon reflection, and in keeping, with Ca-son, I would find the unwelcome sexual touching of a person’s body does intrude upon a person’s physical solitude and seclusion, and, accordingly, conclude allega *484 tions of such intrusions do state a cause of action for invasion of privacy as a physical intrusion into one’s personal and private quarters.
Accordingly, I would answer the first certified question in the affirmative.
PARIENTE and QUINCE, JJ., concur.

. As we explained in Allstate Insurance Co. v. RIT Enterprises, Inc., 692 So.2d 142, 144 (Fla.1997), the insurer’s duty to indemnify an insured is distinct from its duty to defend. An insurer’s duty to defend is broader than the duty to pay or indemnify and it involves distinct responsibilities beyond the coverage issues. Id. at 144-45. We have consistently held that the allegations contained within the complaint govern the insurer's duty to defend. See Nat’l Union Fire Ins. Co. v. Lenox Liquors, Inc., 358 So.2d 533, 536 (Fla.1977). I also agree with the First District's observation that "[i]f the complaint alleges facts partially within and partially outside the coverage of the policy, the insurer is obligated to defend the entire suit.” Grissom v. Commercial Union Ins. Co., 610 So.2d 1299, 1307 (Fla. 1st DCA 1992).